## Commonwealth Finance Corporation, Inc., Appellant, *v.* Ferrero et al.

*Practice, C. P.—Affidavit of defense—Doubtful case—Review.*

An order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed in doubtful and uncertain cases, but only in such as are very clear and free from doubt.

COMMONWEALTH F. CORP., Appel., *v.* FERRERO. 265

Argued January 6, 1921.  Appeal, No. 31, Jan. T., 1921, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 2657, discharging rule for judgment for want of sufficient affidavit of defense, in case of Commonwealth Finance Corporation, Inc., v. Manuel Ferrero and Guiseppe Sterti, trading as Ferrero & Sterti. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Replevin to recover motor truck.  Before SHOE-MAKER, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule.  Plaintiff appealed.

*Error assigned* was above order, quoting it.

*A. E. Hurshman,* for appellant.

*J. Fred. Hartman,* for appellee.

PER CURIAM, February 14, 1921:

Plaintiff leased to defendants a motor truck.  The lease required monthly payments of $164.51 each, until the amount of $2,665.04 had been paid, at which time the truck would become the property of defendants. Plaintiff alleged default in these payments and issued a writ of replevin to recover the property.  In answer to the statement of claim the affidavit of defense denied default and set up irregular payments, on account of the agreement, of various amounts aggregating a greater sum than was due under the lease at the time the writ of replevin was issued and averred these sums were paid to plaintiff's agent who was authorized to receive them. The court below discharged a rule for judgment for want of a sufficient affidavit of defense.  This court has frequently held that an order discharging a rule for judgment for alleged insufficiency of an affidavit of defense will not be reversed in doubtful and uncertain

cases but only in such as are very clear and free from doubt: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Wilson v. Bryn Mawr Trust Co., 225 Pa. 143. This case is within the rule laid down in the cases cited.

Judgment affirmed.