NOTE.—Syllabus by the Court.

---

## Franklin Sugar Refining Company v. Ellsworth & Co.

*Contract — Sales — Principal and agent — Sales Act of May 19, 1915— Memorandum in writing — Custom — Statement of claim — Pleading—Practice, C. P.*

1. Under the Sales Act of May 19, 1915, P. L. 543, the memorandum in writing of a contract of sale, signed by an agent, need not set forth the authority of the agent to sign; nor does the act require that the authority to bind the principal shall be in writing.

2. Where the memorandum is signed by an agent, the general rules as to parol evidence apply to show the agent's authority.

3. Objections to the form of a statement of claim should be made by motion to strike off, or for more specific statement, and not by affidavit of defence.

4. If, in an action to recover for breach of a contract to purchase goods, the statement of claim sets forth customs of trade by applying the meaning to trade terms used, but does not add to or take from the contract, the language used in the contract will be construed according to the purpose in the particular business; and this is the case although the meaning results in a different conclusion from that reached by attaching the usual purport to the words.

5. Such a statement will be sufficient to prevent summary judgment for defendant, although it may not sustain a claim for the amount of damages specified.

Statutory demurrer.　C. P. Luzerne Co., July T., 1922, No. 424.

*James P. Harris* (of *Knapp, O'Malley, Hill & Harris*), for plaintiff.
*Edmund E. Jones*, for defendant.

McLEAN, J., Jan. 16, 1923.—Plaintiff sued to recover the difference between the market and contract prices of certain sugar which it alleged it had sold to defendant and he had refused to accept; plaintiff filed a statement, to which defendant filed an affidavit of defence raising questions of law as follows:

"First. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that the note or memorandum in writing of the bargain relied upon by the plaintiff as the foundation of a right to recover damages for failure to accept the property did not contain within itself a sufficient description of the thing sold and of the price to be paid for it, nor does it disclose every essential element and fact material to constitute a contract of bargain and sale in pursuance of the provisions of section 4 of the Sales Act of May 19, 1915, P. L. 543.　　　　,

"Second. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that it does not set forth how and when the W. Burt Barnes Company, alleged broker, was authorized to make on behalf of the defendant the alleged contract in suit, nor the specific provisions of that authority.

"Third. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that the note or memorandum in writing of the bargain relied upon by the plaintiff is not signed by the defendant or by its agent in that behalf.

"Fourth. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that the note or memorandum in writing of the con-

tract relied upon by the plaintiff does not show that the same was executed by the W. Burt Barnes Company as agent for the defendant.

"Fifth. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that the note or memorandum in writing of the contract relied upon by the plaintiff does not support the averments in plaintiff's statement of claim, in that at no place in said memorandum in writing does it appear that the defendant purchased from the plaintiff, or from any person whatsoever, thirty (30) barrels of refined sugar or its equivalent, or any sugar whatsoever.

"Sixth. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that the note or memorandum in writing of the contract relied upon by the plaintiff does not clearly show the price at which the alleged sale was made.

"Seventh. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that it fails to aver when and in what manner plaintiff and defendant respectively approved and ratified the action of the alleged broker in effecting the alleged contract.

"Eighth. That the plaintiff's statement of claim is insufficient in law to maintain its action, in that it does not set forth by whom and to whom notice was given on behalf of the defendant repudiating the alleged contract, and whether the alleged notice was oral or in writing."

The second, seventh and eighth questions relate to the form rather than the substance of the statement and should be raised upon motion to strike off or for more specific statement: Franklin Sugar Refining Co. *v.* Lykens Mercantile Co., 274 Pa. 206.

The third and fourth questions relate to the sufficiency of the authority of the agent in view of the Sales Act. We do not construe the Sales Act to require that the memorandum in writing of the contract or sale, when signed by the agent, shall contain either the authority of the agent to sign for his principal or internal reference therein to such authority, nor is it necessary that the authority to bind the principal be in writing, as is specifically required in the statute of frauds pertaining to the sale of real estate (Act of March 21, 1772, 1 Sm. Laws, 389). If the Sales Act intended that the authority of the agent be in writing, it should have so provided. We conclude that "where the writing required by the statute is signed by an agent, the general rules as to the admissibility of parol evidence to show agency, the identity of the principal and the like, are applicable:" 27 Corpus Juris, par. 474, page 383; 16 Gray (Mass.), 436.

Plaintiff's statement avers in paragraphs four to nine, inclusive, that the contract or sales memorandum was signed by the W. Burt Barnes Company; that the W. Burt Barnes Company was authorized to act for plaintiff and defendant; did so act; delivered copies of the memorandum to plaintiff and defendant, and that this action was ratified by both plaintiff and defendant. These averments, necessarily admitted to be true under the pleadings (Franklin Sugar Refining Co. *v.* Lykens Mercantile Co., 274 Pa. 206), are sufficient to sustain agency.

The first, fifth and sixth questions we will consider together, and squarely present the question, Was the contract enforceable under the Sales Act?—which act provides as follows:

"A contract to sell, or a sale of any goods or choses in action of the value of $500 or upwards, shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually received the same, or give something in earnest to bind the con-

tract, or in part-payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf:" Sales Act of May 19, 1915, P. L. 543.

It appears from plaintiff's statement that no part of the goods was delivered or received by defendant, and that nothing was paid to bind the bargain, and that the goods contracted for were of the value of $500. Under these circumstances, to comply with the act, it was necessary that there be some note or memorandum in writing of the contract or sale, and that the memorandum contain all the essential elements of the contract.

Upon this point defendant cites the decision in Franklin Sugar Refining Co. *v.* Howell, 274 Pa. 190. There, upon the pleadings, consisting of statement and affidavit of defence, the court below entered judgment for plaintiff, which, upon appeal, was reversed upon the single proposition that plaintiff, in statement filed, endeavored to incorporate into the sales memorandum (similar to the one at bar) plaintiff's price list, which had not been signed by the parties, but solely upon the theory that the price list was the key to the meaning of the terms "assortment" and "basis 22.50" used in the contract, and had been submitted to defendant by the broker before the making of the contract, and frankly had admitted on argument that there was no "custom of the trade (averred) which would make the price list a part of the contract obligation, and even if such a custom existed, it would be insufficient to bring in the price list, except as a definition of the meaning of 'basis 22.50' and 'assortment.'" In consequence, the price list was excluded and the contract held to be incomplete and unenforceable under the pleadings in the case.

The plaintiff in the case at bar, undoubtedly recognizing the vital weakness of its statement filed in the case above referred to, has specifically averred in his statement trade customs and usages to translate into words understandable to the public the terms used by the parties to the contract; for example, the words "basis 22.50" are averred to have a trade meaning, as follows: "The price of fine granulated sugar, packed in bulk, in barrels or one hundred-pound bags, is $22.50 per hundred pounds, and the price of any other grade or package, by adding to, or subtracting from, said price the amount of the now existing standard trade differential applicable to such other grade or package." And so, the use in the contract of the trade words "30 bbls. or equivalent," it is averred by a custom of the trade, implies an understanding between the parties that 350 pounds is the equivalent of a barrel.

Thus has plaintiff, in clearly setting forth in its statement a custom of the trade, applied a meaning to the terms used which, in our mind, takes nothing from, or adds nothing to, the contract as made by the parties, and the operation is the same as if the contract were written in a foreign tongue and translated into the English language, or as if the contract were in code and the symbols used were, by the employment of the key, translated into words. And in so doing plaintiff's statement clearly discloses a cause of action within the ruling:

"It is clear that every agreement is made and to be construed with due regard to the known characteristics of the business to which it relates:" McKnight *v.* Manufacturers Natural Gas Co., 146 Pa. 185. And, hence, the language used in a contract will be construed according to its purport in the particular business, although this results in an entirely different conclusion from what would have been reached had the usual meaning been ascribed to these words: Guillon *v.* Earnshaw, 169 Pa. 463; Franklin Sugar Refining Co. *v.* Howell, 274 Pa. 190.

We conclude, therefore, that plaintiff's statement is sufficient to preclude

the entering of a summary judgment for defendant. From this view it is not to be inferred that plaintiff, upon proof of its averments, may sustain its claim for the amount of damages specified. On the contrary, where "the vendor accepts the tender of rescission, and there are two or more possible measures of damages arising under the circumstances of the particular case, that measure will be adopted which causes the least loss to defendant:" Franklin Sugar Refining Co. *v.* Howell, 274 Pa. 190.

Questions of law raised are decided against the defendant, and defendant permitted to file a supplemental affidavit of defence to the averments of fact in the statement within fifteen days from the date hereof.

From F. P. Slattery, Wilkes-Barre, Pa.