## Angelicchio, Appellant, v. Director General of Railroads.

*Practice Act—Amendments — Director general — Suit against— Judicial notice.*

An action brought against the director general of railroads instead of the director general, as agent, is amendable under the provisions of section 21 of the Practice Act by adding the designation agent. Under the direction of said section the court may, on motion, strike off any pleading which does not conform to the provisions of the act and allow a new pleading to be filed.

The court takes judicial notice of the proclamation of the President.

Argued April 17, 1923. Appeal, No. 127, April T., 1923, by plaintiff, from judgment of C. P. Westmoreland Co., Feb. T. 1922, No. 1020, entering judgment in favor of the defendant on affidavit raising questions of law in the case of Onofrio Angelicchio v. The Director General of Railroads. Before PORTER, HENDERSSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract. Before DOM, J.

The opinion of the Superior Court states the case.

The defendant filed an affidavit of defense raising questions of law and the court, after argument, entered judgment against the plaintiff and in favor of the defendant. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*James Gregg,* and with him *Curtis H. Gregg,* for appellant.—The plaintiff should have been allowed to amend: Wright v. Eureka T. Copper Co., 206 Pa. 274; White Co. v. Fayette Auto Co., 43 Pa. Superior Ct. 532; McGinnis v. Valvoline Oil Works, 251 Pa. 407.

*R. Kay Portser,* and with him *Paul H. Gaither* and *R. Kirk McConnell,* for appellee.—Plaintiff did not sue the right party and has no right to amend: Tutsch v. Director General of Railroads, 199 Pac. Rep. 861; Curie v. L. & N. R. R. Co., 90 Southern Reporter 313; Missouri Pacific R. Co. v. Ault, 256 U. S. 554 (65 Law Ed. 1087, page 1091); Davis, Director General, etc. v. Dawkins, 95 Southern Reporter, 188 (page 191).

OPINION BY LINN, J., July 12, 1923:

On January 4, 1922, plaintiff sued "The Director General of Railroads" in assumpsit for breach of contract concerning the handling of a car of grapes at Greensburg, Westmoreland County, Pa., during federal control of the railroads. A general appearance was entered for the defendant. To plaintiff's statement, defendant filed an affidavit of defense under section 20 of the Practice Act raising questions of law and desiring judgment. The 6th reason, thus stated: "This action has not been brought in the manner required by the Act of Congress of February 28, 1920, and this court has therefore no jurisdiction in the matter," was sustained, and judgment for defendant entered.

The court gave the following reason for its conclusion: "The record in this case discloses that suit was brought against one other than the agent. It does not reveal whether the method prescribed for serving process was or was not followed, and we have no other means of determining this. Surely the burden, in a case of this kind,

is on the plaintiff to furnish a complete record, a record showing strict compliance with the prescribed methods, because if there be deviation we are without jurisdiction."

As the cause of action arose during federal control the federal government is of course the real defendant and suit may be brought only as permitted. The conditions of the government's consent to suit in such causes are familiar; it was required by General Order No. 50 (quoted in 256 U. S. at 562) that suits during federal control should be brought against the Director General of Railroads. Federal control ceased, by the Transportation Act of 1920, and a change was made in the defendant to be named thereafter in suits for causes arising during federal control. Section 206a of that statute provided: "Actions at law......[like that before us]......may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act......": Barnes Federal Code, Supp. of 1923, section 10169 g, p. 843.

Is the conclusion of the court below well founded, that "the record in this case discloses that suit was brought against one other than the agent"? The President by proclamation of March 26, 1921, reciting the resignation of John Barton Payne as Director General of Railroads, appointed James C. Davis to that office, "to exercise and perform as fully in all respects as the President is authorized to do, all and singular the powers and duties, conferred or imposed upon me by the said unrepealed provisions of the Federal Control Act of March 21, 1918, and the said Transportation Act of February 28, 1920, except the designation of the agent under section 206 thereof": (Proclamations of the President, page 5, Supp. to Public Laws of U. S. A., 1st Sess. 67th Congress, 1921). On the same day, by another proclamation, the President recited his designation on May 14, 1920, of

John Barton Payne, Director General of Railroads, "as the agent provided for in section 206 of the Transportation Act, 1920," and his resignation, and then announced: "......I......hereby designate and appoint, effective at noon on the 28th day of March, 1921, James C. Davis, Director General of Railroads, and his successor in office, as the agent provided for in section 206 of said act, approved February 28, 1920......" Ibid 5.

It will be perceived that the Director General of Railroads, and his successor in office was designated to be the government's agent for the purpose in question. The effect of the general appearance of the Director General of Railroads in response to the process of the court is well understood: McCullough v. Railroad Mail Assn., 225 Pa. 118. As the designated agent is the director general of railroads and his successor in office, we cannot agree that suit was brought against one other than the agent. The officer is in court. We take judicial notice of the proclamation of the President. If, being in court, the Director General of Railroads, desires the title amended to conform more particularly to the statute or to the proclamation designating him agent, there is authority to amend: Wright v. Copper Co., 206 Pa. 274; McGinnis v. Valvoline Oil Works, 251 Pa. 407; but the alleged inadequacy of description does not warrant judgment under section 20 of the Practice Act.

In his affidavit of defense, the defendant alleged the existence of other defects in the statement of claim; taking them in the light of the argument made by the learned counsel for defendant, we consider them all curable by amendment if the facts (which of course do not appear now) justify appropriate application to amend. Section 21 of the Practice Act of 1915, P. L. 483, provides: "The court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct." As we understand them, the alleged defects may

warrant action pursuant to section 21, but our attention has been directed to nothing justifying the application of section 20. The difference in scope and authority of the two sections was recently repeated by Mr. Justice SIMPSON in Franklin Sugar R. Co. v. Lykens M. Co., 274 Pa. 206, 208, as follows: "This appeal is from a judgment in favor of defendant upon points of law raised in its affidavit of defense. Possibly it would not have been entered, if attention had been called to what we said in Rhodes v. Terheyden, 272 Pa. 397, 401, as follows: 'If appellee was of opinion the averments of the statement did not "conform to the provisions" of the Practice Act of May 14, 1915, P. L. 483, he should have moved to strike it off, as provided by section 21. If he believed it did "conform to the provisions" of the act, but was not sufficiently specific, he should have taken a rule for a more specific statement, and followed this with a motion for a non pros, if the court made his rule absolute and its order was not complied with (King v. Brillhart, 271 Pa. 301, 305);......The question to be decided under section 20 of the act......is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial; but whether, upon the facts averred, it shows, as a "question of law," that plaintiff is not entitled to recover [at all, and if doubt exists upon this point it]......should be resolved against entering summary judgment, the power so to do being intended only for clear cases: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Moore v. Luzerne County, 262 Pa. 216; Commonwealth Finance Corporation v. Ferrero, 269 Pa. 264.' "

The judgment is reversed with a procedendo.