Argued October 5, 1923.
Plaintiff brought assumpsit on a negotiable instrument which defendant had paid. Defendant filed an affidavit of defense, raising the legal question "that plaintiff's statement of claim is insufficient in law ....." and set it down for hearing under section 20 of the Practice Act. After hearing, the court below entered judgment for defendant. Plaintiff appealed.
Our inquiry must be "whether upon the facts averred it [the statement] shows, as a question of law, that plaintiff is not entitled to recover": Rhodes v. Terheyden, 272 Pa. 397, 401.
The instrument, dated July 22, 1922, was drawn on defendant by its assistant treasurer, and contains the words "Pay to the order of Substantial Building and Loan Association $1,050.97......" Plaintiff avers that sum of money was paid to defendant, to be by it paid to plaintiff in satisfaction of a mortgage. The statement also avers: *Page 213 
"4. Chas. Gesing, Jr., treasurer of plaintiff, was authorized to deposit said check in the bank account of plaintiff but had no authority to have said check cashed and receive any of the proceeds thereof.
"5. Upon receipt of said check the said Chas. Gesing, Jr., satisfied said mortgage as attorney in fact for plaintiff.
"6. The said Chas. Gesing, Jr., endorsed said check as above and the same was cashed on or about August 8, 1922, by Northern Central Trust Co. who paid the proceeds thereof to the said Chas. Gesing, Jr., and no part of the same was ever paid to or received by the plaintiff.
"7. The indorsement of plaintiff's name by the said Chas. Gesing, Jr., on said check was a forgery, and was never authorized or ratified by plaintiff."
The instrument, with endorsements, is set forth at length in the statement. On the back of it appear the following:
"If this check be endorsed by any person on behalf of the payee, certified copy of an acknowledged power of attorney, giving authority therefor, must be attached to this check, or it will not be paid.
 "Substantial Bldg. Loan Association Chas. Gesing, Jr., Treas. Pay to the order of Any bank, banker, or trust Co. All Prior Endorsements Guaranteed. Aug. 8, 1922 Northern Central Trust Co. of Philadelphia D. Craigdoanti, Treas. Franklin National Bank Philadelphia Aug. 9, 1922 Received Payment through the Clearing House" *Page 214 
The parties have called the instrument a check, and we shall so treat it: see Neg. Ins. Law, section 185, (1901, P.L. 219); section 130, P.L. 212; Hannon v. Allegheny B.L. Co., 44 Pa. Super. 266,273. As plaintiff avers its treasurer, Gesing, had authority to deposit the check in the bank account of plaintiff, he had authority to make the endorsement alleged to have been made by him. So endorsed, negotiation might be completed by delivery: section 30 Neg. Ins. Law, P.L. 199. The averments of the fourth and sixth paragraphs therefore show that the endorsement was not a forgery as is averred in the seventh paragraph of the statement: Brannan's Neg. Ins. Law, 3d. ed., p. 81; Salen v. Bank, 110 App. Div. 636, 643.
We have, then, a declaration of liability on a negotiable instrument which the statement shows was paid by defendant to one who had become a holder of it in due course by its negotiation by plaintiff, or by its agent with apparent authority to negotiate it, and no averment that defendant had notice before payment to such holder, that plaintiff's treasurer, after making the authorized endorsement, exceeded his authority then to deal with the check.
Defendant's obligation was to pay to plaintiff or its order. When presented for payment, the check bore endorsements apparently sufficient to justify payment, and defendant accordingly discharged its obligation. Certainly, without some allegation that before payment, defendant had timely notice of the treasurer's breach of duty to plaintiff, there would appear to have been no obligation on defendant to withhold payment when demanded.
In Rhodes v. Terheyden, 272 Pa. 397, the Supreme Court, speaking by Mr. Justice SIMPSON, said: "The question to be decided under section 20 of the act, which provides only `a substitute ...... for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form *Page 215 
and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a `question of law,' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls, ...... but, in that event, the doubt should be resolved against entering summary judgment, the power to do so being intended only for clear cases." See also Franklin Sugar R. Co. v. Lykens Co., 274 Pa. 206; Angelicchio v. Director General, 81 Pa. Super. 393, 396. Section 20 of the Practice Act provides: "...... If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just......"
As plaintiff's statement is defective in the respect indicated, but curable by amendment, if the facts in plaintiff's possession justify application to amend, we are of opinion that this is not such clear case as to justify summary judgment, but that, on the contrary, plaintiff should have leave to apply to the court below to amend, if the facts justify such application, conditioned, of course, that in default of application to amend within a reasonable time to be specified in the order, judgment of non pros will be entered as suggested in Rhodes v. Terheyden, supra.
Judgment reversed with a procedendo.