# Substantial Building and Loan Association, Appellant, *v.* Real Estate Title Insurance & Trust Company of Philadelphia.

*Practice, C. P.—Plaintiff's statement — Insufficiency — Act of May 14, 1915, P. L. 483—Questions of law—Leave to amend.*

In assumpsit on a negotiable instrument, if the statement shows that defendant paid to one holding in due course through negotiation by plaintiff, or its agent having apparent authority to negotiate, and with no averment that defendant had notice before payment that plaintiff's agent exceeded his authority, judgment should not be entered under section 20 of the Practice Act; the following rule from Rhodes v. Terheyden, 272 Pa. 397, should be applied: "The question to be decided under section 20 of the act, which provides only 'a substitute......for the common law demurrer' ......is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls,......but, in that event, the doubt should be resolved against entering summary judgment, the power to do so being intended only for clear cases."

As such defect is apparently curable by amendment, this court will remit the record to the court below, to enable plaintiff to apply for leave to amend if the facts justify such application; in default of such application, section 20 may be applied.

Argued October 5, 1923. Appeals, Nos. 131 and 132, Oct. T., 1923, by plaintiff, from judgments of Municipal Court of Philadelphia, Oct. T., 1922, Nos. 803 and 804, in favor of defendant in the case of Substantial Building and Loan Association v. Real Estate Title Insur-

ance & Trust Company of Philadelphia. Before OR-
LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN
and GAWTHROP, JJ. Reversed.

Assumpsit on negotiable instrument. Before BONNI-
WELL, J.

The facts are stated in the opinion of the Superior
Court.

The court entered judgment in favor of the defendant
on a question of law raised by the affidavit of defense.
Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Albert L. Moise,* for appellant.

*Maurice W. Sloan,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Plaintiff brought assumpsit on a negotiable instru-
ment which defendant had paid. Defendant filed an
affidavit of defense, raising the legal question "that
plaintiff's statement of claim is insufficient in law....."
and set it down for hearing under section 20 of the Prac-
tice Act. After hearing, the court below entered judg-
ment for defendant. Plaintiff appealed.

Our inquiry must be "whether upon the facts averred
it [the statement] shows, as a question of law, that
plaintiff is not entitled to recover": Rhodes v. Terhey-
den, 272 Pa. 397, 401.

The instrument, dated July 22, 1922, was drawn on
defendant by its assistant treasurer, and contains the
words "Pay to the order of Substantial Building and
Loan Association $1,050.97......" Plaintiff avers that
sum of money was paid to defendant, to be by it paid to
plaintiff in satisfaction of a mortgage. The statement
also avers:

"4. Chas. Gesing, Jr., treasurer of plaintiff, was authorized to deposit said check in the bank account of plaintiff but had no authority to have said check cashed and receive any of the proceeds thereof.

"5. Upon receipt of said check the said Chas. Gesing, Jr., satisfied said mortgage as attorney in fact for plaintiff.

"6. The said Chas. Gesing, Jr., endorsed said check as above and the same was cashed on or about August 8, 1922, by Northern Central Trust Co. who paid the proceeds thereof to the said Chas. Gesing, Jr., and no part of the same was ever paid to or received by the plaintiff.

"7. The indorsement of plaintiff's name by the said Chas. Gesing, Jr., on said check was a forgery, and was never authorized or ratified by plaintiff."

The instrument, with endorsements, is set forth at length in the statement. On the back of it appear the following:

"If this check be endorsed by any person on behalf of the payee, certified copy of an acknowledged power of attorney, giving authority therefor, must be attached to this check, or it will not be paid.

"Substantial Bldg. & Loan Association
Chas. Gesing, Jr.,
Treas.

Pay to the order of
Any bank, banker, or trust Co.
All Prior Endorsements Guaranteed.
Aug. 8, 1922
Northern Central Trust Co.
of Philadelphia
D. Craigdoanti, Treas.
Franklin National Bank
Philadelphia
Aug. 9, 1922
Received Payment
through the Clearing House"

The parties have called the instrument a check, and we shall so treat it: see Neg. Ins. Law, section 185, (1901, P. L. 219); section 130, P. L. 212; Hannon v. Allegheny B. L. Co., 44 Pa. Superior Ct. 266, 273. As plaintiff avers its treasurer, Gesing, had authority to deposit the check in the bank account of plaintiff, he had authority to make the endorsement alleged to have been made by him. So endorsed, negotiation might be completed by delivery: section 30 Neg. Ins. Law, P. L. 199. The averments of the fourth and sixth paragraphs therefore show that the endorsement was not a forgery as is averred in the seventh paragraph of the statement: Brannan's Neg. Ins. Law, 3d. ed., p. 81; Salen v. Bank, 110 App. Div. 636, 643.

We have, then, a declaration of liability on a negotiable instrument which the statement shows was paid by defendant to one who had become a holder of it in due course by its negotiation by plaintiff, or by its agent with apparent authority to negotiate it, and no averment that defendant had notice before payment to such holder, that plaintiff's treasurer, after making the authorized endorsement, exceeded his authority then to deal with the check.

Defendant's obligation was to pay to plaintiff or its order. When presented for payment, the check bore endorsements apparently sufficient to justify payment, and defendant accordingly discharged its obligation. Certainly, without some allegation that before payment, defendant had timely notice of the treasurer's breach of duty to plaintiff, there would appear to have been no obligation on defendant to withhold payment when demanded.

In Rhodes v. Terheyden, 272 Pa. 397, the Supreme Court, speaking by Mr. Justice SIMPSON, said: "The question to be decided under section 20 of the act, which provides only 'a substitute......for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form

and specification, as to entitle plaintiff, without amend-
ment, to proceed to trial, but whether, upon the facts
averred, it shows, as a 'question of law,' that plaintiff is
not entitled to recover. At times it may not be easy
to determine under which of the foregoing heads an
objection to a particular statement falls,......but, in
that event, the doubt should be resolved against entering
summary judgment, the power to do so being intended
only for clear cases." See also Franklin Sugar R. Co. v.
Lykens Co., 274 Pa. 206; Angelicchio v. Director Gen-
eral, 81 Pa. Superior Ct. 393, 396. Section 20 of the
Practice Act provides: "......If in the opinion of the
court the decision of such question of law disposes of
the whole or any part of the claim, the court may enter
judgment for the defendant, or make such other order as
may be just......"

As plaintiff's statement is defective in the respect in-
dicated, but curable by amendment, if the facts in
plaintiff's possession justify application to amend, we
are of opinion that this is not such clear case as to
justify summary judgment, but that, on the contrary,
plaintiff should have leave to apply to the court below to
amend, if the facts justify such application, conditioned,
of course, that in default of application to amend within
a reasonable time to be specified in the order, judgment of
non pros will be entered as suggested in Rhodes v. Ter-
heyden, supra.

Judgment reversed with a procedendo.