### Prentzel, Trustee, v. Snyder.

*Practice — Trespass — Plaintiff's statement — Affidavit of defence not required — Motion to strike off, when too late — Service of copy — Acts of May 14, 1915, and May 23, 1923.*

1. Under the provisions of the Practice Act of May 14, 1915, P. L. 483, it is not necessary to file an affidavit of defence in an action of trespass; and, therefore, judgment for want of an affidavit of defence cannot be taken in such an action.

2. If the allegations of fact are not clear enough to enable the defendant sufficiently to prepare evidence to meet them at the trial, he may apply for a rule for a more specific statement.

3. Under the Act of May 23, 1923, P. L. 325, amending the Practice Act of 1915, a motion to strike off a plaintiff's statement, made more than fifteen days after the copy of the statement was served on the defendant or his attorney, is too late to be effective.

4. A copy of a motion to strike off a plaintiff's statement must be served on the plaintiff or his attorney.

Motion to strike off the plaintiff's statement. C. P. York Co., Oct. T., 1923, No. 43.

*J. E. Vandersloot,* for plaintiff; *George S. Love,* for defendant and motion.

Ross, J., Feb. 27, 1924.—This action is in trespass. The action of defendant is as provided by the 21st section of the Practice Act of May 14, 1915, P. L. 483, when the pleading does not conform with the requirement of the act.

In the case of Samuel W. Hershey *v.* York Water Co., No. 229, August Term, 1922, which was an action in trespass, we filed an opinion on Jan. 15, 1923 (see 36 York Legal Record, 161). We refused to strike from the record the plaintiff's statement for the reason that its allegations could have been met at trial by the defendant by an affirmation or denial.

The act does not authorize a judgment by default for want of an affidavit of defence in cases of tort: Parry *v.* First National Bank of Lansford, 270 Pa. 556.

"Under the provisions of section 13 of the Practice Act, 1915, it is not necessary to file an affidavit of defence in an action of trespass. The first clause of the 13th section recites a number of facts which the averments of

the declaration may be considered to establish, if they are not denied by an affidavit. Any other defence may properly be heard at the trial of the action, even where no affidavit of defence is filed:" Wilson v. Adams Express Co., 72 Pa. Superior Ct. 384; Leonard v. Coleman, 273 Pa. 62-65.

It is not necessary to analyze the plaintiff's statement in the light of the questions of law raised, for we think the allegations are all made with sufficient certainty and particularity to enable defendant to meet them at the trial. If, however, the allegations of fact are not clear enough to enable defendant to sufficiently prepare evidence to meet them at the trial, a rule for more specific statement may be applied for: King v. Brillhart, 271 Pa. 301; Rhodes v. Terheyden, 272 Pa. 397; Angelicchio v. Director General of Railroads, 81 Pa. Superior Ct. 393, 396-7.

The records in this case show a serious obstacle to the success of the defendant's motion, because the Legislature of 1923 amended the 21st section of the Practice Act of 1915 by requiring that the "motion to strike from the record any such pleading shall be filed, and a copy thereof served upon the party filing such pleading, or his attorney, within fifteen days after a copy of such pleading shall have been served upon the opposite party or his attorney:" Act of May 23, 1923, P. L. 325. The record shows that the requirement of that amendment was not complied with.

For the foregoing reasons, we must refuse to sustain the motion to strike off.

And now, Feb. 27, 1923, motion to strike from the records plaintiff's statement is refused.

From Allen C. Wiest, York, Pa.