# Louis H. Kreitman and Samuel S. Newman, a Partnership Trading as Kreitman and Newman *v.* D. Gourvitz, Appellant.

*Assumpsit — Pleading — Counterclaim—Plaintiffs' reply—Sales Act of May 19, 1915, P. L. 543.*

In an action of assumpsit on two promissory notes, defendant admitted the debt, but set up a counterclaim alleging failure of plaintiffs to deliver certain goods sold to defendant. The plaintiffs' reply to the counterclaim alleged failure on the part of the defendant, to comply with a condition precedent, as a reason for nondelivery of the goods as set up in the counterclaim. Defendant asked for judgment for want of a sufficient reply to his counterclaim. The court below properly refused to enter judgment in favor of defendant. The fact that plaintiff in pursuance of a verbal contract furnished to the defendant an unsigned bill setting out the quantity of the merchandise, the price thereof and the terms of credit, did not prevent the plaintiff from showing that there were certain conditions attached to the verbal contract which did not appear in the bill.

Argued March 3, 1924. Appeal, No. 20, Feb. T., 1924, by defendant, from order of Luzerne Co., Jan. T., 1923, No. 109, discharging defendant's rule for judgment for want of a sufficient reply to counterclaim, in the case of Louis H. Kreitman and Samuel S. Newman, a Partnership trading as Kreitman and Newman, v. Gourvitz. Before PORTER, HENDERSON, KELLER, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on promissory notes. Before FULLER, P. J.

Defendant set up a counterclaim arising out of failure on the part of plaintiffs to deliver certain goods which had been sold to defendant. Plaintiffs replied to the counterclaim, alleging failure on the part of defendant to perform conditions precedent, which should have been performed prior to delivery of the goods in question. Defendant obtained a rule to show cause why

judgment should not be entered for want of a sufficient reply to the counterclaim. The lower court discharged the rule. Defendant appealed.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court.

*Mulford Morris,* and with him *Mose H. Salsburg,* for appellant.—The setting forth of a complete oral contract which is recited in the writings attached will, for the purpose of the pleadings, be held to be a sufficient note or memorandum under the Sales Act: Briggs v. Logan Iron & Steel Co., 276 Pa. 326.

The writings set out are confirmations sent by plaintiffs in accordance with custom, to acknowledge orders received, whether verbally or in writing: Raby v. Ward-Meehan Co., 261 Pa. 468.

*Edwin Shortz, Jr.,* and with him *George R. McLean,* for appellees.

OPINION BY TREXLER, J., April 21, 1924:

The plaintiffs in their statement alleged that defendant owed them $800 on two promissory notes. The defendant admitted the debt, but set up a counterclaim arising out of the failure on the part of the plaintiffs to deliver certain furs which they had sold to defendant. To this counterclaim there was an answer that the furs were sold upon the condition that defendant would pay his former indebtedness and that failing in this respect, they were under no obligations to furnish the furs. All the details of the transactions were set forth with great prolixity by the parties, each side elaborating at great length their version of the affair. Defendant asked judgment for want of a sufficient reply to his counterclaim. In the first instance the rule was discharged by the court for the reason that it appeared that defendant's counter-

claim was over $500 and that there was not sufficient alleged to establish an enforceable claim under section 4 of the Act of May 19, 1915, P. L. 543. The case of Franklin Sugar R. Co. v. Lykens, 274 Pa. 209, decides that the pleader who wishes to invoke the provisions of the 4th section of the Sales Act must do so by reference to the section or by specific statement that his defense is founded upon it. The court allowed a reargument, but again refused to enter judgment alleging that it sustained the answer to the counterclaim as sufficient on other grounds, not specifying them, but later in its opinion called attention to the fact that the "prescription of conciseness, constituting the most valuable feature of the act" was ignored.

We are not disposed to differ with the court below in this. The criticism of lack of conciseness is justified, and probably warrants a refusal to enter judgment. We may, however, observe that defendant's reliance as to the sale of the furs is upon an oral contract and the plaintiff's assertion that such oral contract was never binding upon them, but was entered into upon condition that the former bill should first be paid cannot be ignored. It is true that the statement which the plaintiffs furnished to the defendant sets out the quantity and price and stated the terms of sale were "net," but we are not prepared to hold that a statement in this shape, unsigned, closes the door upon proof by the vendor that there were conditions attached to the verbal contract which did not appear in the bill.

The judgment is affirmed.