KOSER v. AMERICAN FRUIT GROWERS, Inc.

No. 2733.

District Court, M. D. Pennsylvania.
July 27, 1932.

Paul G. Smith, of Harrisburg, Pa., and Joseph P. McKeehan, of Carlisle, Pa., for trustee.

314

Jessup, Gunster & Mackie, of Scranton, Pa., and Harry S. Dunmire and R. T. M. McCready, both of Pittsburgh, Pa., for defendant.

JOHNSON, District Judge.

This is an action of assumpsit by the trustee in bankruptcy of Tyson Brothers, Incorporated, to recover from the defendant the sum of $84,793.68, with interest, being the proceeds of certain apples sold by the defendant for the account of the bankrupt within four months of the adjudication in bankruptcy on the claim that the retention of the money by the defendant constitutes a "voidable preference" as defined by the bankruptcy act.

The issue now before this court is presented by an affidavit of defense raising questions of law filed by the defendant under the provisions of section 20 of the Pennsylvania Practice Act of 1915 (12 PS § 471).

The statement of claim filed in this case contains one hundred and forty-six paragraphs, an analysis of which is as follows:

Paragraphs 1 to 7, inclusive, set forth the facts establishing jurisdiction in this court.

Paragraph 8 recites the various sections of the Bankruptcy Act which vest title to transferred property of the bankrupt in the trustee and his remedies to recover the same.

Paragraph 9 pleads: "9. On the 3rd day of August, 1927, Tyson Brothers Incorporated shipped to the defendant car No. 19893, consisting of 400 Bu. Duchess apples 2¼ Up, at $2.50 and 80 Bu. Duchess apples 2-2¼ Up at $1.50 or a total price of $1120.00 which on August 16, 1927, were sold by the defendant for the account of Tyson Brothers Incorporated at that price, and because of which, after deducting a commission of 9% for handling, the defendant was indebted to Tyson Brothers Incorporated in the amount of $1019.20 with interest from that date."

Paragraphs 10 to 116, inclusive, plead transactions similar to that set out in paragraph 9 in like language.

Paragraph 117 states: "117. On or about October 11, 1927, the defendant sold for the account of Tyson Brothers Incorporated to Knouse & Fohl culls or canning stock from the orchards of the said Tyson Brothers Incorporated, by reason whereof the defendant was indebted to Tyson Brothers Incorporated in the amount of $823.75 with interest from that date."

Paragraphs 118 to 126, inclusive, aver similar transactions to that set out in paragraph 117 and in like language.

Paragraph 129 avers: "129. That sometime prior to November 27th, 1927, being the date Tyson Brothers, Incorporated was adjudicated a bankrupt, Tyson Brothers Incorporated had removed its entire 1927 crop of apples from its orchard and had placed the same in storage at the warehouse of Adams County Cold Storage Company, at Gettysburg, Pa. and/or at the warehouse of the Biglerville Cold Storage Company. That originally the receipts issued by said cold storage companies for the apples thus stored were to Tyson Brothers, Incorporated. But between October 28 and November 4th, 1927, at the request of the defendant, acting through its agents W. E. Grove and one Williams thereunto duly authorized and with the acquiescence and consent of Tyson Brothers Incorporated, said receipts were changed to negotiable receipts issued in the name of the defendant."

Paragraph 130 avers: "130. That thereafter on the 30th day of November, 1927, said Adams County Cold Storage Company and/or Biglerville Cold Storage Company, without any authorization or authority from the plaintiff and on the order of the defendant shipped to the defendant car No. 19754, containing 150 bbl. Yorks apples 3″ B. G. which said apples were on December 9, 1927, sold by the defendant at $5.50 per bbl., or a total price of $825.00, whereby, after deducting freight, expressage, refrigeration in the amount of $8.46, insurance in the amount of $1.57 and a commission of 9% for handling, and allowing storage in the amount of $7.50, the defendant was indebted to Tyson Brothers Incorporated and/or to the plaintiff in the amount of $748.22, with interest from December 9, 1927."

Paragraphs 131 to 140, inclusive, plead similar transactions to that set out in paragraph 130 and in like language.

Paragraph 141 avers that on August 16, 1927, the defendant was or claimed to be a creditor of the bankrupt in the amount of $55,000.

Paragraphs 142, 143, and 144 aver insolvency of the bankrupt, actual knowledge of the insolvency by the defendant, and that from January 1, 1927, the bankrupt has certain named creditors whose claims remain unpaid.

Paragraph 145 avers that the various transactions being within four months preced-

ing the filing of the petition in bankruptcy, and while the bankrupt was insolvent, constituted a preference which the defendant had reasonable cause to believe would effect a preference so that the defendant thereby would receive as a creditor a greater percentage of its debts than any other creditors of the same class.

Paragraph 146 sets forth the total amount claimed to be due the plaintiff.

The affidavit of defense raising questions of law avers that the plaintiff's statement of claim is insufficient in law for the following general reasons:

1. Plaintiff's statement of claim is so general, indefinite, evasive, contradictory, and vague that it does not plead a cause of action.

2. There are no facts averred to show that defendant obtained a voidable preference.

3. The statement of claim does not comply with section 9 of the Pennsylvania Practice Act of 1915 (12 PS § 391), in that it does not state whether the contract was oral or written.

4. There is a misjoinder of causes of action.

5. The statement of claim avers bald conclusions of law rather than facts to show a cause of action.

 A careful reading of the statement of claim and the affidavit of defense raising questions of law seems to call for a statement of the words of Mr. Justice Simpson in the case of Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206, on page 208, 117 A. 780, 781, wherein he said: "This appeal is from a judgment in favor of defendant upon points of law, raised in its affidavit of defense. Possibly it would not have been entered, if attention had been called to what we said in Rhodes v. Terheyden, 272 Pa. 397, 401, 116 A. 364, 365, as follows: 'If appellee was of opinion the averment of the statement did not "conform to the provisions" of the Practice Act of May 14, 1915 (P. L. 483), he should have moved to strike it off, as provided by section 21. If he believed it did "conform to the provisions" of the act, but was not sufficiently specific, he should have taken a rule for a more specific statement, and followed this with a motion for a non pros, if the court made his rule absolute and its order was not complied with (King v. Brillhart, 271 Pa. 301, 305 [114 A. 515]). * * * The question to be decided under section 20 of the act * * * is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a "question of law," that plaintiff is not entitled to recover (at all, and if doubt exists upon this point it) * * * should be resolved against entering summary judgment, the power so to do being intended only for clear cases. Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388 [48 A. 272]; Moore v. Luzerne County, 262 Pa. 216 [105 A. 94]; Commonwealth Finance Corporation, v. Ferrero, 269 Pa. 264 [112 A. 449].' "

██ This court is of the opinion that what was said by Mr. Justice Simpson in the above case disposes of all of the reasons assigned by the defendant with the exception of the contention that there are no facts averred to show that defendant obtained a voidable preference. To establish a recoverable preference the trustee must show: (1) A transfer of property or money to the creditor by the bankrupt; (2) while the bankrupt was insolvent and without four months of bankruptcy; (3) that the creditor had reasonable grounds for believing the bankrupt insolvent at the time he received the transfer; and (4) that the effect of the transfer was to give the creditor a greater percentage of his debts than other creditors of the same class secured. Walker v. Wilkinson (C. C. A.) 296 F. 850. The trustee in this case has pleaded every one of these requirements as ultimate facts and in the opinion of this court has stated a good cause of action. Evidentiary facts must not be confused with ultimate fact averments.

And now, July 27, 1932, the affidavit of defense raising questions of law is dismissed, and the defendant is directed to file an affidavit of defense to the averments of fact of the statement within fifteen days from this date.