Com. of Pa. to Use, Appellant, *v.* Consolidated Indemnity and Insurance Co.

536

Argued November 16, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Charles H. Weidner,* and with him *John B. Stevens* and *Harry W. Lee* of *Stevens & Lee,* for appellant.

*Cornelius C. O'Brien,* and with him *Randolph Stauffer* and *G. Lawrence Pape, A. S. Longbottom* and *Robert J. Byron* of *Byron, Longbottom, Pape & O'Brien,* for appellee.

OPINION BY TREXLER, P. J., January 25, 1933:

This is an action of assumpsit to recover upon a statutory bond for labor and material furnished in the construction of a state highway  Act of 1929, P. L. 1590 (36 P. S. 142). The plaintiff filed his statement of claim and the defendant answered with an affidavit of defense in the nature of a demurrer. The court below sustained the demurrer as to part of plaintiff's claim and as to such part entered judgment for defendant. Plaintiff was a sub-contractor with the De-Paul Construction Company to whom the Secretary of the Highways awarded the general contract for the improvement. The present defendant is the Consolidated Indemnity and Insurance Company, who executed the bond required by law for the protection of all labor and material furnished. The objection successfully urged in the lower court by the defendant to the statement is that it alleges that plaintiff furnished certain extra work; that the contract between the general contractor and the plaintiff provided "that no claim for extra work or materials will be allowed unless such work is ordered in writing and the party of the first part shall incur no liability by reason of any verbal directions or instructions that may be given Newton by the chief engineer or his authorized assistants. Nor will the party of the first part be liable for any materials furnished or accepted or for any work

or labor done unless orders for said material or labor is given in writing,'' that there is no information given in the statement that the order for said extra work was oral or written, and if oral, that there was a waiver of the above provision of the contract, and that the statement was fatally defective by reason of the omission to set out these matters. The extras claimed are set forth in separate paragraphs in plaintiff's statement, they comprise rental of machinery, unloading of materials and extra work made necessary by the change in the specifications ordered by the department of highways. (See Cramp & Co. v. Central Realty Corp. 268 Pa. 14, 110 A. 763). Some of them appear to be apart from the general contract, and are in the nature of preparation for the performance of it, and preliminary to and in furtherance of the work to be done by the general contractor, or occasioned by its default. It is not our purpose to consider the merits, if any there be, of the various items. We all think this is not a case for summary judgment, and that the plaintiff should be allowed to amend his statement. If the statement fails to aver all the facts necessary to maintain his claim; there is an entirely different question presented than when he states something which shows he is not entitled to recover. When the statement is not inherently bad, but merely insufficient it seems settled by the authorities that instead of entering summary judgment the plaintiff should have the opportunity of curing the omission by amending his statement. The law favors a reference to a jury where facts are in dispute. In support of the above we quote from a few of the many cases available. In Substantial B. &. L. v. Real Estate Trust Co. 82 Pa. Superior Ct. 211, Judge Linn now of the Supreme Court stated: "In Rhodes v. Terheyden, 272 Pa. 397, the Supreme Court, speaking by Mr. Justice Simpson said: 'The question to be decided under Section 20 of the act, which provides only "a substitute . . . . . . for the com-

mon law demurrer'' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a ''question of law'' that plaintiff is not entitled to recover. At times it may not be easy to determine under which of the foregoing heads an objection to a particular statement falls ...... but, in that event, the doubt should be resolved against entering summary judgment, the power to do so being intended only for clear cases.' See also Franklin Sugar R. Co. v. Lykens Co. 274 Pa. 206; Angelicchio v. Director General, 81 Pa. Superior Ct. 393, 396. Section 20 of the Practice Act provides: ' ......If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just ......' '' The opinion continues in language directly applicable to the present case. ''As plaintiff's statement is defective in the respect indicated, but curable by amendment,......we are of opinion that this is not such clear case as to justify summary judgment, but that, on the contrary, plaintiff should have leave to apply to the court below to amend, if the facts justify such application, conditioned, of course, that in default of application to amend within a reasonable time to be specified in the order, judgment of non pros will be entered as suggested in Rhodes v. Terheyden, supra.'' See also Knapp Bros. v. Robinson, 103 Pa. Superior Ct. '463, 167 A. 11; Thomas v. Employers Co., 284 Pa. 129; Green Co. v. Centre Twp., 305 Pa. 79, 157 A. 777. Winters v. Penna. R. R. Co., 304 Pa. 243, 155 A. 486: ''The question before the court was not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovery under a better statement of

facts ...... The court should have sustained the demurrer and granted the plaintiff leave to file a further statement of claim within a limited time, or, on failure, ordered judgment of non pros to be entered. This was not a matter of discretion with the court below but a positive duty.''

The defendant seeks to sustain the action of the lower court by a reference to the case of Levine v. Pittsburgh State Bank, 281 Pa. 477; arguing that that case holds that the matter of allowing an amendment to plaintiff's claim is within the discretion of the lower court. The general statement to that effect was made in connection with another that the plaintiff had no valid case, and it was therefore not essential to the decision; in any event, it seems to be changed by the later decisions above referred to.

The judgment is reversed with a procedendo.