## Hobson *v.* Phila., Appellant.

*Deed—Grant of land bounded by street.*

While as a general rule the conveyance of a lot described as bounded upon an open street carries title to the centre of the street, the construction of the deed should be controlled by the intention of the parties, and an intention to restrict the grant to the side of the street may be inferred from the grant of a right of way over the street by the same conveyance.

*Damages for change of grade of street.*

The owner of property abutting on a public street is entitled to damages for change of grade, under art. 16, § 8 of the constitution, although he has no title to land occupied by the street.

Argued April 4, 1892. Appeal, No. 449, Jan. T., 1892, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1891, No. 154, on verdict for plaintiff, Jos. Hobson. Before Paxson, C. J., Sterrett, Williams, McCollum and Heydrick, JJ.

Trespass for change of grade of street.

The facts as they appeared on the trial before Arnold, J., are stated in the opinion of the Supreme Court.

Defendant's points were as follows:

" 1. The jury must find for the defendant." Refused. [1]

" 2. In no view of plaintiff's case, as presented by his statement, can he recover more than the injury which he may have suffered in his property during the period which intervened between the doing of the work complained of and the institution of this suit." Refused. [2]

" 3. The plaintiff's evidence having been exclusively as to the injury to the principal value of plaintiff's property through the grading of Wood street to the present level, and the said evidence furnishing no information enabling the jury to estimate the current damages during the period intervening between the doing of the work and the institution of this suit, the jury must find for the defendant." Refused. [3]

" 4. The plaintiff cannot recover damages, save in the amount of the difference between the value of his property without a highway to reach it upon, and with Wood street in its present condition. *Answer*: That is true. It amounts to this. He cannot recover more damages than the difference

between the value of the property before the grading and after it." [4]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) refusing points, quoting them, and (5) entering judgment for plaintiff.

*E. Spencer Miller*, assistant city solicitor, with him *Charles B. McMichael*, assistant city solicitor, and *Charles F. Warwick*, city solicitor, for appellant.

*L. H. R. Nyce*, for appellee.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

In his statement of claim, plaintiff alleges that in grading a portion of Wood street in 1891, pursuant to an ordinance of councils, the city defendant excavated the bed of said street in front of his property to a depth varying from four to eleven feet, thereby leaving said property so far above the level of the street as to render it inaccessible for ordinary use, and thus injuring it to the extent of $1,600, which he claimed as damages. His evidence was directed to the difference in market value of his property before said grading was done and its value when the work was completed, as affected by said improvement of the street. In a clear and concise charge, calling attention of the jury to the evidence, etc., the case was submitted by the learned judge, and a verdict rendered in favor of plaintiff for $900.

It appears that plaintiff's property is part of a larger lot, which the executors of William Wright, by deed December 4, 1883, conveyed to him in fee. It is bounded by the "north eastly side" of Wood street, the "north westly side" of Wright street, the "south eastly side" of Gates street, etc. The side lines of these three boundary streets are so given in the description as to indicate a purpose to limit the operation of the grant, in that direction, to them respectively. That purpose is further evidenced by the words which follow, viz.: "Together with the free and common use, right, liberty and privilege of said Wright street, Wood street and Gates street." We think the grant in fee to Hobson was not intended to extend to the middle line of Wood street, the whole of which, at that point, was located on land belonging to the Wright estate; but the words above quoted gave him "the free and common use,

right, liberty and privilege " of Wood street, as a means of ingress and egress to and from the lot conveyed to him. While, as a general rule, the conveyance of a lot described as bounded upon an open street carries title to the centre of the street (Paul v. Carver, 26 Pa. 223, and Cox v. Freedley, 33 Pa. 124), it is nevertheless true that the construction of the deed should be controlled by the intention of the parties, and they may so express their intention to adopt the side line of the street as the limit of the grant. This is conceded in the cases above cited; but it is there held that an intention to restrict the grant to the side of the street, cannot be inferred from the words " along the northerly side," nor from measurements of the rectangular lines that terminate at the side of the street. In the case before us, we have the further significant fact that the deed contains a grant of a right of way, etc., over Wood street. If the intention had not been to retain title in the soil of the street why did the grantors give Hobson " the free and common use, right, liberty and privilege " of Wood street? If the grant to Hobson carried title to the soil of Wood street the grant of the right of way was superfluous and meaningless. The latter grant is broad enough to include the entire width of Wood street. As a right of way, appurtenant to plaintiff's lot, it is clearly given; and, properly construed, we think the language of the deed warrants the conclusion that it was the intention of the parties that title in the soil of the street should remain in the grantors, subject to the easement in favor of the grantee.

As owners of the soil on which Wood street was located, Wright's executors had a right to dedicate the same for highway purposes, and there was no reason why the city should not accept their conveyance. The rights of the plaintiff were not compromised by the transaction. When he purchased in 1883, Wood street was laid out upon the official plans of the city, and, of course, it was taken for granted that it would be opened to public use, sooner or later. The plaintiff with his purchase of the lot acquired the right of way which furnished him a convenient means of access thereto. If the grading of the street injured his property to the extent of $900, as the jury found, we are at a loss to understand why he should not be entitled to recover.

There is no merit in either of the specifications of error. The only question in the case was as to the amount of damages to which the plaintiff was entitled. That was a question of fact exclusively for the jury, and as such it was fairly submitted to them by the learned trial judge. In O'Brien *v.* Philadelphia and Goff *v.* Same [the preceding cases], we have to-day filed opinions bearing on some of the questions raised by appellant in this case. It is unnecessary to repeat what has been there said.

Judgment affirmed.