James B. Neale, and Joseph Buffington, Orr Buffington and E. J. Knox, Executors of Grier C. Orr, deceased, Appellants, *v.* Alexander Dempster.

*Mortgage—Release—Debts secured by mortgage.*

Where a vendor of land, in taking a purchase money mortgage, agrees that if a certain sum of the mortgage debt per acre shall be paid by the vendee he will release from the lien of the mortgage any portion of the land which the purchaser shall ask and describe, proportioned to the number of acres paid for, such portion of the land will be released, not only from the lien of the mortgage, but also from the debt secured by the bond; and if judgment be entered upon the bond the lien of such judgment will be confined to the portion of the land not released: Neale v. Dempster, 179 Pa. 569, reaffirmed.

*Practice, S. C.—Affidavit of defense—Review—Right to trial by jury.*

Where the court in entering judgment for want of a sufficient affidavit of defense distinctly bases its determination on the construction of certain writings which admittedly contain the entire agreement between the parties, it cannot be said that one of the parties was deprived of his constitutional right to trial by jury.

Argued Oct. 29, 1897. Appeal, No. 114, Oct. T. 1897, by plaintiffs, from order of C. P. No. 1, Allegheny Co., June T., 1896, No. 181, entering judgment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the previous report of the case in 179 Pa. 569, and by the opinion of the Supreme Court.

Plaintiff's original rule for judgment was as follows:

Enter rule on defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defense (such judgment to be restricted as to lien and execution to the property described in plaintiffs' statement,) for the following reasons, to wit:

1. The plaintiffs under their statement filed, do not seek to recover a judgment against the defendant which will be a lien upon any of the said defendant's property other than that in the said statement described, or upon which any other of his property than that described can be taken in execution. The extent of the lien and the right of execution are matters to be regulated by the court upon the allowance of judgment, and subject to its control after judgment is entered.

2. The affidavit filed does not set up any defense as to the amount in which plaintiffs claim to recover such judgment, or any sufficient defense upon the merits in so far as the amount claimed is concerned. It does not set out any defense to the action nor does it raise any issue of fact to disentitle the plaintiffs to a judgment such as claimed.

3. The affidavit does not allege fraud, accident or mistake, in the agreement of May 26, 1891 (in the said affidavit recited), or in the bond upon which this suit is brought, or in the release of the 20 acres and 76 and $\frac{3}{100}$ perches, a purported copy whereof is attached to the affidavit filed.

4. The affidavit does not allege any specific matters of fact, which were agreed and intended to be embraced in the bond, agreement, mortgages or release, and omitted therefrom through fraud, accident or mistake.

5. Under the terms of the agreement of May 26, 1891, the bond in suit, the recited mortgage given to secure said bond and the release of June 30, 1893, such release cannot in law be held to prevent judgment upon the bond as against the portion of the land so released from the lien and grasp of the mortgage, and owned by the defendant at the institution of this suit.

6. The release of June 30, 1893, in terms, extends no further than to release the lien of the mortgage as to the portion

of the land therein described, and the affidavit does not allege that any matter, giving it a wider scope, was agreed to be inserted therein, but omitted through fraud, accident or mistake.

7. That the plaintiffs are not, in law, bound to accept a voluntary deed of conveyance, for the one hundred and twenty-five acres remaining subject to the lien of said recited mortgage, in satisfaction of such mortgage and the bond upon which this suit is brought.

After the decision in 179 Pa. 569, the court entered the following judgment:

And now, to wit: January 19, 1897, in accordance with the judgment and decree of the Supreme Court, made in this case at No. 192 of October term, 1896, of said court, on January 4, 1897, judgment is now entered in favor of the plaintiffs and against the defendant, Alexander Dempster, for the sum of thirty-four thousand five hundred and eighty dollars ($34,580) ; the lien of this judgment and all executions issued thereon, or on any revival or renewal thereof, to be limited and confined to so much of that certain tract or piece of land situated in the county of Westmoreland, state of Pennsylvania, and mentioned and described in a certain mortgage from the said defendant, Alexander Dempster, to James B. Neale and Grier C. Orr, dated July 1, 1891, and recorded in the said county of Westmoreland, in mortgage book vol. 45, page 410, as is not included in a certain part of said tract or piece of land which is described and released in and by a certain release by the said James B. Neale and Grier C. Orr to Alexander Dempster, from the lien of the said mortgage, said release being dated June 30, 1893, and recorded in the said county of Westmoreland, in mortgage book vol. 56, page 281, which said part or tract so released contains 20 acres and $76\frac{3}{10}$ perches, and is fully described in said release; and no other property, real or personal, of the said Alexander Dempster shall be levied upon or taken in execution for the payment of this judgment, or any renewal or revival thereof, than that part of the land described in the mortgage aforesaid, which is not included and described in the release aforesaid.

*Errors assigned* were (1) Entering judgment in favor of the plaintiffs and against the defendant in a manner inconsistent

with the rule for judgment taken in the cause. (2) Not discharging the plaintiffs' rule for judgment, if upon the facts set forth in the affidavit of defense the rule for judgment could not be made absolute in the form asked for by the plaintiffs. (3) Entering a final judgment upon a rule for judgment for want of a sufficient affidavit of defense in any form other than that asked for by the plaintiffs. (4) Depriving the plaintiffs of their constitutional right of trial by jury by entering a final judgment in which the plaintiffs' claims were disallowed by reason of the averments contained in the affidavit of defense. (5) Limiting the lien of the judgment entered in this cause to so much of the tract of land described therein as is not included in a certain release therein referred to, and in adjudging that no other property of the defendant should be levied upon or taken in execution for the payment of the same.

*Richard C. Dale*, with him *J. M. Hunter* and *J. A. Beatty*, for appellants.—While for the purpose of reversing the judgment in favor of the plaintiffs the averments of the affidavit of defense are conclusive as against the plaintiffs, they are of no binding force as against the plaintiffs except for the purpose of discharging a rule for judgment. The action of the court in thus accepting as verity the averments of an affidavit of defense and moulding a final judgment thereon is in derogation of the plaintiffs' constitutional right to trial by jury. Article 1, sec. 6 of the declaration of rights provides : " Trial by jury shall be as heretofore, and the right thereof remain inviolate." See Lawrance v. Borm, 86 Pa. 225.

The action of the court below in restricting the lien of the judgment and of execution issued thereon to so much of the tract of land as is not included in the release dated June 30, 1893, was erroneous, and was not warranted by the terms of the contract between the parties : Heller v. Royal Ins. Co., 133 Pa. 152 ; Seiple v. Sciple, 433 Pa. 460 ; Fleming v. Parry, 24 Pa. 47 ; Safe Deposit & Trust Co. v. Kelly, 159 Pa. 82 ; Dean's App., 35 Pa. 405 ; McMurray v. Hopper, 43 Pa. 468.

*D. T. Watson*, with him *W. W. Thomson*, for appellee.—This case was before this court in 1896 on appeal by the defendant at No. 192, October term, 1896, and was reported in 179 Pa.

569, and the judgment now appealed from was entered by the lower court in obedience to the direction of this court on that appeal. Since the entry of that judgment nothing has been done except the taking of the present appeal, the purpose of which appears to be to review the decision of this court on the former appeal.

OPINION BY MR. JUSTICE McCOLLUM, February 7, 1898 :

The first judgment entered in this case was in conformity with the claim of the plaintiffs that the land released from the lien of the mortgage was subject to the lien of and liable to seizure and sale upon a judgment obtained on the bond. It was founded upon the construction of the agreement and the mortgage, bond and release, provided for therein. The plaintiffs, in their reply to the affidavit of defense and the rule to restrict execution on the judgment to the land bound by the mortgage, distinctly affirmed that these instruments fully and correctly expressed the intention, understanding and agreements of the parties, and positively denied that there was any agreement or understanding between the said parties different from that contained in them. The defendant's averments in his affidavit of defense respecting the release and the effect of it as understood and intended by the parties were properly considered by the court as of no avail against the written instruments. It was undoubtedly the province of the court to construe these instruments and to enter judgment in accordance with its construction of them. This as we have seen the learned court below did, and on an appeal from its judgment to this court it was determined that the lien of the judgment obtained on the bond should be restricted to the land bound by the mortgage. This determination was based upon a construction of the writings opposed to the construction put upon them by the court below. The judgment was accordingly reversed and the record remitted with instructions to enter a judgment in accordance with the opinion of this court: Neale et al. v. Dempster, 179 Pa. 569. The court below promptly complied with the instructions and entered a judgment in accordance with them, and from the judgment so entered the appeal now before us was taken.

We have carefully considered the argument made and the

cases cited in support of the plaintiffs' contention on this ap-
peal, and we are satisfied that there are no substantial grounds
for it.    We need not repeat or qualify any part of the opinion
filed in the first appeal.    The controlling question then was
whether the release freed the land included in it from further
liability for the purchase money.    The solution of it depended
upon the construction of the writings we have referred to.
Our construction of them was in accord with the defendant's
contention, and our reasons for it were plainly stated.    To
these we may add another fact or circumstance not heretofore
specifically mentioned : There was no warrant of attorney con-
tained in or attached to the bond authorizing a confession of
judgment upon it, and no suit could be maintained thereon un-
til the defendant defaulted in the payment of the purchase
money.    When the release was executed the defendant was
not in default, and it was two years and eight months after
that before any suit was brought on the bond.    The only lien
upon the land for purchase money prior to May 13, 1896, was
created by the mortgage.    If before that time and after the re-
lease was made the defendant had conveyed the land included
in the release to a bona fide purchaser of it the latter would
have taken it freed from any claim of the plaintiffs for pur-
chase money.    The tendency of these facts is to confirm the
defendant's contention that the release was intended by the
parties to free the land included in it from liability for any part
of the debt secured by the mortgage.

The plaintiffs evidently misapprehended the grounds of the
decision of this court when the case was here on the defendant's
appeal.    It was not made on the ground that there were aver-
ments in the affidavit of defense which created an issue of fact
to be determined by a jury.    It was distinctly based on the
construction of the agreement, mortgage, bond and release, and
this, it is conceded, was a matter exclusively for the court.
The suggestion, therefore, that the plaintiffs by the entry of
the judgment now appealed from are deprived of the " consti-
tutional right to trial by jury " has nothing whatever to rest
upon.    If the court below had in the first place entered judg-
ment in conformity with the defendant's contention, and the
plaintiffs had appealed from it there would have been no ir-
regularity in an affirmance of it.    A judicial ascertainment of

their right cannot be considered as in derogation of it.    The plaintiffs have not alleged heretofore, and they do not allege now, the existence of any oral agreement or understanding between them and the defendant in conflict with or in any degree qualifying the writings on which they rely for a judgment in accordance with their contention.    On the contrary, they have positively denied the existence of any such agreement or understanding, and that the affidavit of defense raised any issue of fact.    Why then should the judgment entered in the court below be reversed or modified?    We confess our inability to discover any valid reason for such action.    It was clearly competent for this court to direct the court below to enter the judgment it should have entered when the case was first before it, and as it appears on the plaintiffs' own showing that the judgment must depend on the construction of the writings, and they have not convinced us that we erred in our construction of them in defendant's appeal, we overrule the assignments.

Judgment affirmed.