# Franklin Printing Company, Appellant, *v.* Crum.

*Deceit—Evidence—Nonsuit—Fraud.*

In an action for deceit against an individual to recover damages for alleged false representations relating to a corporation, on the basis of which the plaintiff gave credit to the corporation, the plaintiff is bound to show that the representations were false and that defendant knew that they were false when he made them; and if such proof is not made, a nonsuit is properly entered.

Argued Oct. 10, 1916. Appeal, No. 388, Oct. T., 1915, by plaintiff, from order of C. P. No. 5, Philadelphia Co., Dec. T., 1913, No. 534, refusing to take off nonsuit in case of Franklin Printing Company v. John W. Crum. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for deceit.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*Henry Spalding,* of *Fell & Spalding,* for appellant.

*Horace M. Rumsey,* for appellee.

OPINION BY TREXLER, J., December 18, 1916:

This was an action of trespass for deceit. The plaintiff wrote to the defendant who was treasurer of the Lincoln International Chautauqua League, Inc., stating that he had been called upon by Dr. Baird, president of said league in relation to some printing which the league desired plaintiff to do for it. In this letter we find the following: "Won't you kindly write me a letter, stating as you would expect from a prospective customer, your assets and any other grounds for which credit should be extended. This is, as you will understand, a purely business request, and we have no doubt but all the gentlemen associated with this enterprise are both honest and dependable. I think our company would be willing to give you such accommodations as you require. As merely a matter of form I should like to have this statement." The reply of the defendant forms the basis of the charge of deceit. It contains the following statements: "Assets: You are aware that organizations of this kind are of a purely philanthropic character, and as a fact are not productive of tangible assets, other than the business contracts which they make. We are chartered with a capital of $50,000—$35,000 paid up. We have contracts with responsible people for several thousand dollars which will be consummated on or about July 1st. Our estimates for advertising and printing are in excess of the amount of the order that may be placed with you and there is no reasonable doubt, but that any account contracted with you would be properly met."

Plaintiff furnished the printing and stationery and the bill remains unpaid. The court below entered a nonsuit. The only question involved is, was this action of the court proper?

The principles upon which actions of deceit are based are stated in Boyd's Executors v. Browne, 6 Pa. 310. "The ground of action is the deceit practiced upon the injured party and this may be either by positive statement of a falsehood or the suppression of material facts which

an inquiring party is entitled to know. The question always is, did the defendant knowingly falsify or wilfully suppress the truth with a view of giving a third party a credit to which he was not entitled?" "If he made representations productive of loss to another, knowing such representations to be false, he is responsible as for a fraudulent deceit." The scienter must be proved and the only ground for recovery in an action for false representations is the bad faith in making them: Lamberton, et al., v. Dunham, 165 Pa. 129, and cases there cited. The plaintiff is bound to show that the representations were false and that defendant knew they were false when he made them: Scott v. Heisner, 33 Pa. Superior Ct. 286.

If we examine the evidence before us we are forced to the conclusion that the plaintiff did not produce sufficient evidence to show that the defendant had made a false statement or that he had the intention of deceiving and defrauding the plaintiff. If we look at the letter above in part quoted, we notice that the defendant stated definitely that the kind of organization with which he was connected was of a purely philanthropic character and not productive of tangible assets other than the business contracts which they made. This certainly was not an assertion calculated to deceive the plaintiff but rather to put him upon his guard. The statement that the concern was capitalized at $50,000, paid up $35,000 was correct. It was shown at the trial that the $35,000 had been issued as paid up stock in consideration of the contracts turned over by the president. The statement that he believed the account contracted for would be promptly met was merely an expression of opinion. The allegation that the league had contracts with responsible parties appeared by the testimony submitted to have a foundation in fact.

The learned trial judge was warranted in ruling "that there is no evidence that any of the statements of fact which the letter contains were untrue and known to be false at the time they were made."

The judgment is affirmed.