# Jamestown Iron & Metal Co., Appellant, *v.* Knofsky et al.

*Deceit—Financial standing—Obtaining credit under false pretenses—Fraud—Commerical agency.*

1. One who knowingly makes false statements as to the property and financial standing of another, with intent to defraud, is personally liable to a person who is thereby defrauded.

2. Such rule applies to an officer of a corporation, or member of a firm, who so speaks with like intent and with like effect in reference to the corporation or firm.

3. Where the false statement is made to a commercial agency, and the person who has given credit has relied on the false rating, the person who made the statement is liable in deceit, if it appears that he had submitted the false rating to the creditor, and this is the case although the creditor was not a subscriber to the commercial agency.

4. In an action of deceit for a false statement on which credit was given, it is immaterial that there is no averment that the false statement was made before the credit was given, if it appears that the credit was given on the faith of the false statement.

*Practice, C. P.—Affidavit of defense—Question of law—Judgment—Act of May 14, 1915, P. L. 483.*

5. Judgment for defendant on a question of law raised by an affidavit of defense, can be entered under the Act of May 14, 1915, P. L. 483, only in a clear case, inasmuch as every doubt must be resolved in favor of trial by jury.

*Practice, C. P.—Trespass—Affidavit of defense—Entry of judgment—Question of law.*

6. Not decided whether judgment can be entered for defendant in an action of trespass on an affidavit of defense raising legal questions only.

*Appeals—Questions not raised in court below.*

7. The appellate courts will not ordinarily consider questions not raised or considered in the court below.

Argued September 26, 1927.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 140, March T., 1927, by plaintiff, from judgment of C. P. Mercer Co., Oct. T., 1926, No. 62, for defendants, on question of law raised by affidavit of defense, in case of Jamestown Iron and Metal Co., Inc., v. Roy Knofsky et al.   Reversed.

Rule for judgment on affidavit of defense raising question of law.   Before McLaughry, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendants.   Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*W. C. Pettit,* with him *L. R. Richard,* for appellant, cited: Nat. Bank of Merill v. I. & W. Lumber Co., 101 Wis. 247, 77 N. W. 185, 188.

*C. E. Brockway,* of *Brockway & Whitla,* for appellee, inter alia, cited: Ralph v. FonDersmith, 3 Pa. Superior Ct. 618; 10 Pa. Superior Ct. 481.

OPINION BY MR. JUSTICE WALLING, November 28, 1927:

This is an action of trespass for deceit, wherein the only defendant brought into court filed an affidavit of defense raising a law question only, as provided in section 20 of the Practice Act of May 14, 1915, P. L. 483, 487. Thereupon the trial court entered judgment for the defendants and plaintiff has appealed. This action of the trial court was error. Such judgment can be entered only in a clear case, as every doubt must be resolved in favor of trial by jury (Franklin Sugar R. Co. v. Lykens M. Co., 274 Pa. 206; Morris & Bailey S. Co. v. Bank of Pgh., 277 Pa. 81; Helfenstein v. Line Mount. Coal Co., 284 Pa. 78), and should not be entered for an amendable defect: Seaman v. Tamaqua Nat. Bank, 280 Pa. 124. Plaintiff's amended statement, which here must be treated as verity, avers, inter alia, that the Sharon-Warren Iron and Metal Company was a Pennsylvania corporation of which defendants were the principal officers; that they knowingly and fraudulently made false statements to the Bradstreet Company for its regular issue in March, 1923, and also in March, 1924, concerning the property and the financial standing of the corporation, for the purpose of giving it a false and fictitious rating and thereby obtaining credit for goods and property purchased on its behalf, with intent to cheat and defraud the vendors thereof and did thereby obtain such false rating and false credit. Also that defendants sought to buy of plaintiff personal property for the corporation on credit, and as an inducement to extend same expressly referred plaintiff to the Bradstreet rating and to a certain bank in Jamestown, New York, plaintiff's home city, where it could be seen. That, complying with such direction, plaintiff (not a subscriber to the Bradstreet Company) obtained knowl-

edge thereof and, relying solely thereon, extended the corporation credit to the amount of approximately $11,000. That the corporation, in place of being as represented, was insolvent, and plaintiff suffered damage to the amount of the credit. Proof of these averments would warrant a recovery and, as the statement avers that two of the defendants, including the one brought into court, pleaded guilty in the United States Court to sending false and fraudulent matter through the mails in so giving the information in question to the Bradstreet Company, this may not be difficult. However, the question of proof is not here involved.

One who knowingly makes false statements as to the property and financial standing of another, with intent to defraud, is personally liable to a party who is thereby defrauded: Righter v. Parry, 266 Pa. 373; Griswold v. Gebbie, 126 Pa. 353; Boyd's Executors v. Browne, 6 Pa. 310; Duff v. Williams, 85 Pa. 490; Lord v. Colley, 6 N. H. 99, 25 Am. Dec. 445 and note page 447; 26 C. J. p. 1191, 1192; 12 R. C. L. p. 291, 303. The same rule applies to an officer of a corporation, or member of a firm, who so speaks, with like intent and to like effect in reference to the corporation or firm: Tyler v. Savage, 143 U. S. 79; Eaton, Colo. & Burnham Co. v. Avery, 83 N. Y. 31, 38 Am. Reports 388; 14A C. J. 181, 182; see also Franklin Printing Co. v. Crum, 65 Pa. Superior Ct. 166. These general rules are undoubted, but defendants contend, and the trial court holds, they are inapplicable here because plaintiff was not a subscriber to the Bradstreet Company. This contention might be sound in a suit against that company but cannot avail here. It overlooks the averment that defendants expressly referred plaintiff to the false Bradstreet statement, which they had fraudulently prepared and caused to be published. They cannot now be heard to say, "We referred you to the false statement that we might defraud you of your property, which we have done, but being a nonsubscriber to Bradstreet, you have no remedy." In sub-

stance it is as though defendants had shown plaintiff the false and fraudulent rating, which they had caused Bradstreet to publish, and affirmed its accuracy. If, as averred, they accomplished the purpose of cheating plaintiff by active fraud, they are not immune because of membership or nonmembership in Bradstreet. Under the facts as averred, the contract between the Bradstreet Company and its subscribers is unimportant. Had defendants not referred plaintiff to the Bradstreet publication, we would be compelled to pass upon the rights of a nonsubscriber under the other facts of this case; here we are not. It is suggested for defendants that there is no express averment that the statement was made before the credit was given. The express averment that the credit was given on the faith of the statement to which plaintiff was referred is tantamount thereto. Furthermore, such question was not raised in or considered by the trial court and is without merit.

The question as to whether judgment can be entered for defendant in an action of trespass, on an affidavit of defense raising legal questions only, was not raised and is not passed upon.

The judgment is reversed with a procedendo.