## Seabroad Construction Co. v. First National Bank & Trust Co. of Bethlehem

*Henry L. Snyder* and *A. Albert Gross,* for plaintiff.

*Milton B. Riskin,* of *Taylor, Taylor & Riskin,* for defendant.

FRACK, J., October 1, 1945.—Seabroad Construction Company instituted an action in assumpsit and filed a statement of claim against The First National Bank and Trust Company of Bethlehem for the recovery of $843.14, with interest. Plaintiff averred in the statement of claim that on July 20, 1943, defendant entered into a contract to sell certain real estate to Isaac Perlman et al. A copy of the contract is attached to the statement of claim. By divers assignments, plaintiff acquired full buyer's rights and defendant conveyed

the premises in due time to plaintiff, who thereafter erected 45 dwelling houses thereon. Plaintiff avers before sewer connections for the houses erected by it on the premises could be had it was required under ordinances of the City of Bethlehem to apply for a permit to make sewer connections and that no such permit could be granted or sewer connection made unless it paid to the City of Bethlehem "certain charges known as W. P. A. sewer frontage charges"; that defendant had never advised plaintiff of such requirement; that plaintiff for the numerous houses erected on the tract was compelled to pay and did pay a total of $843.14; that in the purchase agreement duly assigned to plaintiff, defendant had agreed to convey the premises in fee simple, clear of all liens and encumbrances; that taxes and interest on encumbrances were to be apportioned to date of settlement and that defendant had warranted that the property was not restricted by any municipal or governmental agency against the erection of one-family attached dwellings. Plaintiff avers in conclusion that "under the terms of the aforesaid agreement, the said charges so paid in the aforesaid total amount of $843.14 were lawfully payable" by defendant who has refused payment and plaintiff "further specifically avers that it is lawfully entitled to reimbursement by said defendant in the aforesaid total sum so paid".

Defendant filed an affidavit of defense raising questions of law, three in number: that plaintiff has failed to aver defendant breached any of the covenants, conditions and promises contained in the original sales agreement; that there is no averment that the premises were subject to any lien or encumbrance affecting the title when the deed of conveyance was delivered; and that charges collected by the City of Bethlehem were no lien, encumbrance or claim against the property.

The question raised by the filing of defendant's affidavit of defense raising a question of law is whether

upon the facts averred in the pleadings filed by plaintiff, it is shown with certainty that the law will not permit a recovery by it. If a doubt exists it must be resolved in favor of trial by jury: Jamestown Iron & Metal Co. v. Knofsky et al., 291 Pa. 60; Davis et al. v. Investment Land Co., 296 Pa. 449, 452; Ottman et al. v. Nixon-Nirdlinger et al., 301 Pa. 234, 244.

Every fact sufficiently averred in the statement of claim and every inference fairly deducible therefrom must be accepted as true in considering whether or not a defendant is entitled to a judgment in its favor on questions of law raised in its affidavit of defense: Troop v. Franklin Savings & Trust Co., 291 Pa. 18.

On a demurrer, general averments of matters which in themselves are legal conclusions, from facts not stated, are insufficient: Levine et al. v. Pittsburgh State Bank et al., 281 Pa. 477. A demurrer admits only material allegations of fact well pleaded: Commonwealth ex rel. Davis v. Blume, 307 Pa. 406.

Tested by the foregoing rules, we are of the opinion that the statement of claim is insufficient to state a cause of action and that the affidavit of defense raising questions of law pursuant to section 20 of the Practice Act of May 14, 1915, P. L. 483, must be sustained. We must, however, grant leave to plaintiff to file a further statement of claim within a limited time, or on failure, a judgment of non pros to be entered: United Mercantile Agencies v. Slotsky, 107 Pa. Superior Ct. 467. Winters v. Pennsylvania Railroad Co., 304 Pa. 243.

A duty imposed on an owner of real estate to pay for sewer connections, depending on the terms of the ordinance and on the facts, may be converted into a lien for payment of the assessment made, or it may be merely a payment in cash required to be made by the owner requesting and getting the service without any lien ever having been created. If it is a lien, it means a charge upon lands, running with them, and encumbering them in every change of ownership: Ingles v. Bringhurst, 1 Dall. 367. It binds the estate, the land itself.

In the instant case, the ordinance compels payment of the charge when a permit is granted and before the connection is made; prior to request made, nothing is payable. It is a charge payable in advance for the connection by the then owner of the real estate at the time he requests the same so that there is no unpaid debt arising and there is no encumbrance sought or contemplated against the real estate itself. The cost to the actual owner, when he elects to connect with the sewer arises only if he elects, and does not affect the title to the property retroactively to the time of the passage of the ordinance; it is not in any legal sense a lien against the land; nor is it an encumbrance which affects the physical condition of the property: Perkinpine v. Hogan, 47 Pa. Superior Ct. 22.

A lien may be defined to be a charge on property for the payment of a debt, and for which it may be sold in discharge of the lien. To hold that the premises conveyed by defendant to plaintiff were at the time of conveyance subject to a lien would mean that there was a lien in favor of a third person, the City of Bethlehem, encumbering the property in the abstract. Liens in the abstract are nonexisting. A lien that is unenforcible is a nullity. The right to enforce a lien by the sale of the property to which it attaches is an essential characteristic: McClintic-Marshall Co. v. Ford Motor Co., 254 Mich. 305, 236 N. W. 792; 33 Am. Jur., Liens, sec. 2, page 419. At the time of conveyance by defendant to plaintiff there was no debt owing by defendant to the City of Bethlehem; no debt or charge arose until after the grantee had taken title, had built homes on the lots, and made requests from time to time for sewer connections. The charges arose by reason of a choice made by the owner and that choice was made by plaintiff, never by defendant.

We find no actual lien or encumbrance, disclosed by the pleadings, to have existed when defendant conveyed the premises to plaintiff. The right of the City of Beth-

lehem to demand payment for a permit to make sewer connections and for actual sewer connections made, unless facts exist which are not disclosed by the statement of claim, does not create a tax lien, claim or encumbrance within the meaning of provisions of the agreement for the sale of the land involved: Gilham v. Real Estate Title Ins. & Trust Co., 203 Pa. 24.

And now, October 1, 1945, it is adjudged that plaintiff's statement of claim is insufficient in law to state a cause of action, and defendant's affidavit of defense raising questions of law is sustained, with leave granted to file a further statement of claim within 15 days or, on failure, a judgment of non pros to be entered.