## Paull, Appellant, *v.* Pivar.

Argued April 23, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. I. Simon,* with him *Robert A. Jarvis* and *Beck, McGinnis & Jarvis,* for appellant.

*John A. Metz, Jr.,* with him *John A. Metz* and *Metz, & Metz,* for appellee.

OPINION BY HIRT, J., July 17, 1947:

In this action in assumpsit, plaintiff's statement of claim was filed on October 17, 1946; the action therefore is governed by the Practice Act of May 14, 1915, P. L. 483, 12 PS 382 et seq. To the statement of claim, defendant filed an affidavit of defense, under section 20 of the Act, 12 PS 471, questioning plaintiff's right of recovery, as a matter of law, on the cause of action there set forth. The lower court was of the opinion that its decision on the question so raised disposed of the whole of the claim and, in sustaining the statutory demurrer, entered judgment in favor of the defendant.

In substance, these material facts (supplemented by stipulation of counsel) are averred in plaintiff's statement and necessarily must be taken as admitted. *Franklin Sugar R. Co. v. Lykens M. Co.,* 274 Pa. 206, 117 A. 780. In November, 1937, plaintiff entered into a written lease with the duly authorized agent of F. K. McCance and others, owners of the premises at 926 Liberty Avenue in Pittsburgh, for the term of 18 months ending April 30, 1939, at a monthly rental of $150. A rider attached, which became a part of the lease as though written into it (*Landreth v. First Nat. Bk. of Phila.,* 346 Pa. 551, 31 A. 2d 161) contains this provision: "The Tenant agrees, for the purpose of making alterations to the said

premises, to spend a sum not to exceed $1,250.00. The Tenant shall render to the Lessor or his Agent copies of all contracts and receipted invoices showing the cost of labor, materials, architects' fees, etc. expended on said work. In the event of the sale of the property, of which the demised premises are a part, Tenant agrees to give up quiet and peaceable possession of the herein demised premises at any time upon receiving sixty days' written notice so to do. In the event Tenant has complied with all of the terms and conditions of this lease, Lessor will pay, one day after Tenant vacates said premises, a sum not to exceed $1,250.00, as per the contracts and invoices previously submitted by Tenant." Plaintiff made the contemplated alterations of the premises and submitted to the owners receipted invoices for labor and materials in excess of that amount. At the expiration of the term, the lease with the above rider attached, was renewed for the additional term of one year and thereafter from year to year by written agreements of the parties. The lessors sold the demised premises on April 25, 1946, to defendant Lillian Pivar and assigned the original lease, as last renewed, to her. Defendant as assignee had all of the rights and assumed all of the obligations of the original lessor under the terms of the lease. On June 18, 1946, plaintiff removed from the premises pursuant to notice from the defendant in accordance with the terms of the final renewal agreement. On defendant's refusal of plaintiff's demand for the payment of $1,250 to him, this suit was brought.

We agree with the lower court that the parties, in all probability, did not intend to extend the provision for the reimbursement of plaintiff for the cost of repairs, beyond the term of the original lease; and that the lessors, through inadvertence, failed to so limit their obligation in the renewal agreements for the succeeding four years. But actual intent, where the contract is written, is ineffective, unless expressed in the writing. 3 Willis-

ton on Contracts, section 610. Each of the written agreements of 1939, 1940, 1941 and 1942, in identical language and with qualification, provided for *"a renewal of the present lease . . . for the term of one year . . . at the same rental and without change in terms and conditions"* of the original lease. (Italics added). If written words are to be given any meaning, plaintiff would have been entitled to reimbursement to the extent of $1,250 if dispossessed on sale of the property, not only during the term of the original lease but under four annual renewals thereafter which successively continued the lease to May 1, 1943. This conclusion is inevitable as a matter of law but has no bearing on an interpretation of the lease as modified by the last renewal agreement under which plaintiff was dispossessed. In construing the final lease the court properly found that plaintiff cannot recover on the cause of action pleaded by him and that the writings precluded the possibility of a better statement of claim by amendment. *Adler, Admr., v. Helsel,* 344 Pa. 386, 25 A. 2d 714. The case was clear and free from doubt (*Jamestown Iron & M. Co. v. Knofsky et al.,* 291 Pa. 60, 139 A. 611) and the judgment in defendant's favor must be affirmed.

Each of the agreements of 1943 and 1944 provided for a further renewal of the lease for one year "at the same rental and without change in terms and conditions [of the original lease] *except* it is mutually understood and agreed by and between the parties hereto that *this lease may be cancelled by either of the parties hereto at any time upon giving thirty (30) days' written notice to the other."* The agreement of 1945 was identical except for an increase in the monthly rent to $175. The final renewal agreement, under which plaintiff was dispossessed, provided for an increase of the monthly rent to $200 and for the extension of the term "of one year from May 1, 1946, upon the same terms and conditions . . . *Subject to cancellation on 60 days' written notice by either party hereto."* (Emphasis added).

The lease as modified by the final agreement of 1946 was written in the plain and simple language of common usage. We think it clear that the terms of the lease were not ambiguous and the relevant circumstances confirm that conclusion. Interpretation and construction of the contract therefore were questions for the court alone. *Neale v. Dempster,* 184 Pa. 482, 39 A. 289; *Armstrong v. Standard Ice Co.,* 129 Pa. Superior Ct. 207, 195 A. 171. In construing the contract the writings must be interpreted as a whole and words must be given their ordinary meaning. Restatement, Contracts, section 235, (a & c). And we must assume that the parties intended a reasonable result. Ibid. section 236 (a).

It is absurd to say that the lessee would have been entitled to receive $1,250 from his landlord on vacating the premises at the normal expiration of the term of the original lease or any renewal thereof. The provision for reimbursement does not stand by itself as a distinct provision, written into the original lease, by the rider. On the contrary, it is the fourth sentence of a separate paragraph, quoted above, and must be interpreted in the light of its context. That the provision for reimbursement to the tenant was to become operative only upon dispossession of the latter in the event of sale is not less obvious than the reason which prompted the provision. The tenant, obligated to invest a substantial amount in improvements, was to be made whole in the event that his enjoyment of the premises was cut short before the end of the full term, by the act of the landlord but only in the event of sale of the property. There is some support also for this conclusion in the paragraph of the rider which followed that above quoted. In the event of injury to the premises by fire, rendering it wholly unfit for occupancy (a fortuitous event entirely different in kind from the act of the landlord in selling the property) the rider provided "then this lease shall cease and determine from the date of such injury."

Although by the plain meaning of language, the provision for reimbursement in the event of sale was renewed (albeit unintentionally) for four additional years, yet that provision was clearly abrogated by the terms of the subsequent agreement. The function of the court on interpretation of the contract is to determine the intent of the parties from the language used. *Sanford-Day Iron Works v. F. H. C. Co.*, 321 Pa. 204, 183 A. 770. Under the original lease the tenant could be dispossessed only on sale of the property. Beginning with 1943 and in each succeeding year the renewal agreement was that the lease could be cancelled on notice *by either party*, and the vacancy clause of the prior lease on renewal was expressly modified in that respect. The provision for cancellation at any time at the option of either party, on notice to the other, was substituted for the clause of the original lease providing for cancellation on sale only. When the provision of the original lease for dispossession of the tenant on sale of the property was abrogated, the obligation of the lessor to pay the lessee for repairs to the property resulting from a termination of the lease for that cause, fell with it.

But even if the 60-day cancellation clause in the final renewal agreement were intended, as argued by appellant, as an additional method of termination of the lease, it is pertinent to note that appellant still would not be entitled to recover on his statement of claim. He pleaded that the lease was terminated under the new 60-day cancellation clause (which imposed no obligation on the landlord whatsoever) and not by virtue of any provision for dispossession and reimbursement on sale of the property.

Judgment affirmed.