## Goncz et al. v. The Home Mutual Fire Insurance Company of Lehigh County

*Thomas J. Byrne* and *Abe J. Goldin*, for plaintiffs.
*Clyde W. Teel, Robert E. Bittner* and *Douglas D. Storey*, for defendant.

BARTHOLD, P. J., March 31, 1948. — Plaintiffs Wendel Goncz and Vilma Goncz filed a complaint in assumpsit against defendant Home Mutual Fire Insurance Company to recover damages for a fire loss to a building insured by defendant.

The policy insures plaintiffs "against all DIRECT LOSS AND DAMAGE BY FIRE, . . . to an amount not exceeding ten thousand dollars, . . . On the four and two-story brick, slate and composition roof building and additions thereto, . . . situated Nos. 335 and 337 Wyandotte Street, and 339, 341 and 343 West Fourth Street, Bethlehem, Penna."

The policy contains a standard or union mortgage clause whereby "loss or damage, if any, . . . shall be payable to Bethlehem National Bank . . . as first mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, etc."

This case is before the court upon defendant's demurrer to the complaint. Defendant requests the entry of judgment in its favor on the ground that plaintiffs have not shown that they are "the real party in interest" under Pennsylvania Rule of Civil Procedure 2002. Defendant contends that in view of the mortgagee clause contained in the fire insurance policy sued upon, plaintiffs must aver facts to show that the interest of the mortgagee is less than $10,000 (the amount of the claim for loss or damage), otherwise plaintiffs are not "the real party in interest". This contention is based upon the rule now well established in Pennsylvania that, "The so-called standard mortgage clause, . . . creates in favor of the mortgagee a contract of insurance separate, distinct and independent from that constituted between the mortgagor and the insuring company by the other provisions of the policy": Overholt et ux. v. Reliance Insurance Co. et al., 319 Pa. 340, 344; see also cases cited by Chief Justice Maxey in support of this proposition.

Pa. R. C. P. 2002 is as follows:

"Rule 2002. Prosecution of Actions by Real Parties in Interest. Exceptions.

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff . . .

"(2) Is a person with whom or in whose name a contract has been made for the benefit of another."

In Goodrich-Amram Procedural Rules Service Commentary, sec. 2003-2, it is stated:

"In addition to the defenses which are preserved by Rule 2002, the defendant may also raise the defense that the plaintiff is not the real party in interest and is therefore not entitled to prosecute the action. If the plaintiff's initial pleading shows on its face that the plaintiff is not the real party in interest, the defendant may raise this defense as a matter of law. If it is not so apparent, the defendant raises the defense by pleading affirmatively in his affidavit of defense the facts showing that the plaintiff is not the real party in interest, or by a petition and rule to show cause why the real party in interest should not be joined as a plaintiff. If the defense is not so raised, it will be deemed waived. In the absence of special circumstances, it cannot be raised for the first time at the trial of the action; or upon appeal; or by a collateral attack upon the judgment in the original action."

In considering defendant's demurrer, we are bound by the allegations in plaintiff's complaint. It is fundamental that judgment for defendant on a question of law raised on demurrer "can be entered only in a clear

case, as every doubt must be resolved in favor of a trial by jury": Jamestown Iron & Metal Co. v. Knofsky et al., 291 Pa. 60, 62.

"Every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice, must be accepted as true; but all others must be treated as nonexistent": Troop v. Franklin Savings & Trust Co., 291 Pa. 18, 20.

When the foregoing principles of law are applied to the case as presently pleaded, we must accept as true the relevant facts averred in the complaint: (1) That defendant insured *plaintiffs* against all direct loss and damage by fire to premises 335 and 337 Wyandotte Street and 339, 341 and 343 West Fourth Street, Bethlehem, Pa., to an amount not exceeding $10,000; (2) that on June 27, 1946, by reason of causes unknown, *plaintiffs suffered a fire loss* to the premises aforesaid or part thereof, to wit, 335-337 Wyandotte Street, Bethlehem, Pa., insured under the policy, and insurer was duly notified of the loss under the terms of the policy; (3) that thereafter defendant-insurer authorized its adjuster, Wallace H. Webster & Sons, to adjust the loss for and on behalf of defendant; (4) that thereafter plaintiffs and defendant, acting through its authorized adjusters, agreed that the loss and damage to the insured premises by reason of the fire amounted to $11,712.87; (5) that the sound value of the property insured against loss by fire under the policy at the time of the loss amounted to $80,870; (6) that defendant is under agreement bound to pay to the extent of the face value of defendant's policy or $10,000, and (7) that plaintiffs have complied with all the terms and provisions of the policy before and after the loss, and have made demand of defendant for the payment of the sum of $10,000 with interest

from the time of the loss, but payment thereof has been refused.

Clearly, plaintiffs' initial pleading shows on its face that plaintiffs are "the real party in interest". While the policy attached to the complaint contains a mortgagee clause, this does not necessarily indicate the present existence of a mortgage. The mortgage may have been paid without the release of the mortgagee's interest endorsed on the policy. We cannot assume the present existence of a mortgage any more than we can assume the terms and amount of such mortgage, if one existed at the time of suit. Where, as here, the complaint on its face discloses a right of action in plaintiffs, defendant must affirmatively plead by way of defense the facts showing that plaintiffs are not "the real party in interest", or defendant must file a petition for a rule to show cause why the real party in interest should not be joined as a plaintiff. Furthermore, a complete development of the facts may show that the mortgagee consented to the action in the name of the mortgagor-plaintiffs or refused to sue, either of which circumstances might affect the determination of the question as to the real party in interest

For the reasons hereinabove given, the sufficiency of the defense raised by defendant's demurrer cannot be determined upon the pleadings as presently constituted but must await further development of the facts. We therefore overrule the demurrer and the request for summary judgment in defendant's favor.

## Order

And now, March 31, 1948, this cause came on to be heard, and upon consideration thereof, it is ordered, adjudged and decreed that defendant's preliminary objection in the nature of a demurrer be overruled and defendant shall have the right to plead over within 15 days from the date of this order.