Bokoch, Appellant, *v.* Noon.

Argued October 6, 1965. Before Bell, C. J., Mus-MANNO, Jones, Eagen and O'Brien, JJ.

*Anthony Cavalcante,* for appellant.

*Fred C. Adams,* with him *Coldren & Adams,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, January 17, 1966:
Appellant is the owner of Lot No. 27 situate in the Santo Plan in Redstone Township, Fayette County, Pennsylvania. Appellees are the owners of Lot No. 26, which adjoins Lot No. 27 in the same plan. Lot No. 26, fronting on a public road, is 116 feet in width and extends back 216 feet to Santo Avenue. Lot No. 28 in the Santo Plan is contiguous to the eastern line of Lot No. 26 and is 40 feet in width, faces on the public road, and extends back along the line of Lot No. 26 108 feet to the line of Lot No. 27. Lot No. 27, 40 feet in width, extends 108 feet from Lot No. 28 to Santo Avenue and is also contiguous to the eastern line of Lot No. 26. (See plan in Reporter's statement.)

By deed dated November 16, 1948, Patrick J. Noon and Louise Noon, his wife, conveyed Lot No. 27 to the appellant. By deed dated August 24, 1948, appellees conveyed to appellant a right of way over a driveway in Lot No. 26, running to a garage on Lot No. 26 and adjacent to Lots Nos. 27 and 28, as follows: "Witnesseth, that in consideration of One ($1.00) Dollar, and other valuable consideration in hand paid, the receipt whereof is hereby acknowledged, Grantors do hereby grant and convey to Grantees a right of way over and upon a driveway presently situated on Lot No. 26 in the Santo Plan of Lots at Fairbanks, Pennsylvania, a plot of which is recorded in the Office of the Recorder of Deeds of Fayette County, Pennsylvania, in Plan Book 4, page 192, said right of way to be approximately twelve (12) feet in width and to be over that part of Lot No. 26 which lies adjacent to Lot No. 28 in said plan, and to extend to the rear side of Lot No. 27 adjoining Lot No. 26 in said plan, and to be for the sole and only purpose of passing to and from

Lot No. 27 in said plan to the public road for the Grantee, his heirs and assigns."

The transactions conveying Lot No. 27 and the right of way over Lot No. 26, although consummated on different dates, were part of the same transaction. It was done so as to comply with regulations and requirements of the Veteran's Administration for front and rear access to the dwelling on Lot No. 27, so that appellant might qualify for a loan and enable him to purchase the dwelling from appellees.

At the time of the conveyance, appellant, under a separate lease agreement, had arranged to rent appellee's garage, situated at the rear of Lot No. 26 and connected to the public road by a driveway running almost the full length of Lot No. 26, for a stipulated sum, until May 1, 1957, and at which time upon termination of the lease, appellant continued to use the driveway, and on the 18th of May, 1961, he began construction of a garage on Lot No. 27 at the rear of his home.

On the 16th of May, 1961, appellees barricaded the right of way where the dividing line between Lots Nos. 27 and 28 would intersect the driveway at right angles. On the same date, appellant filed a complaint in equity, requesting injunctive relief. Appellees filed preliminary objections which were sustained by an order granting appellant leave to file an amended complaint. Appellant filed an amended complaint and appellees filed objections which were dismissed. A hearing was held on March 10, 1962, and the chancellor orally refused appellant's request for a preliminary injunction. Appellees filed an answer and amended complaint, denying they barricaded any portion of the right of way granted by them to appellant.

On January 14, 1963, the chancellor filed an adjudication and decree nisi, dismissing the complaint without prejudice to appellant's right to seek a reformation of the deed; appellant filed exceptions and the court en banc (July 5, 1963) caused the final decree

to be deferred and allowed the filing of an amended claim to reform the deed.

Appellant filed this amended complaint, requesting, inter alia, reformation of the deed; an answer was filed by appellees and a final hearing was held on October 7, 1963; to which appellant filed exceptions, which were subsequently dismissed by the court en banc (May 29, 1964) which directed the chancellor to file an adjudication based upon the existing record.

On July 3, 1964, the chancellor filed an adjudication and decree nisi, reforming the grant of the right of way from the appellees to the appellant, to which, on July 23, 1964, appellant again filed exceptions to the findings of fact and conclusions of law. The exceptions were overruled and dismissed by the court en banc. A final decree was entered on December 23, 1964, and it is from this final decree that appellant appeals, being dissatisfied with the extent of the reformation.

Although the deed of easement on its face clearly conveys a right of way only to the rear of Lot No. 27, the only reasonable conclusion which may be reached is that it was the intention of the parties to grant appellant reasonable ingress, egress and regress from and to the rear portion of his lot to the public road. We said in *Hobson v. Phila.*, 150 Pa. 595, 24 A. 1048 (1892), that ". . . it is nevertheless true that the construction of the deed should be controlled by the intention of the parties . . .". If the intention had not been to give access to the public road, why did the grantors give the right of way at all, as the right of way described in the deed is absolutely useless to appellant. It is a general proposition of equity that when a person grants a thing, he intends to grant also that without which the thing cannot be enjoyed. We must assume the parties intended a reasonable result. *Paull v. Pivar,* 161 Pa. Superior Ct. 233, 53 A. 2d 826 (1947).

The deed as reformed by the chancellor and affirmed by the court en banc was reasonable. The deed as re-

formed allows the appellant an additional 20 feet solely for the purpose of passing to and from Lot No. 27 to the public road, thus giving effect to the obvious intention of the parties.

As the right of the chancellor in equity to reform the deed is not questioned, we will not discuss this point. A scrivener's error, if that be the case, may also be rectified in equity. *Huss v. Morris*, 63 Pa. 367 (1869), and parol evidence is admissible to correct such a mistake. *Bugen v. N. Y. Life Ins. Co.*, 408 Pa. 472, 184 A. 2d 499 (1962) and cases cited therein. In the instant case, the chancellor at the hearing was supplied additional proof to enable him to sustain his finding of mutual mistake of fact, and, as we said in *Swank v. Amp.*, 411 Pa. 356, 192 A. 2d 225 (1963), and as we have said often, before and since, the findings of a chancellor have the effect of a jury verdict and, when affirmed by the court en banc, will not be reversed if there is adequate evidence to sustain them and if they are not premised on erroneous inferences and deductions or an error of law. Further, we held that, on appeal, the question is not whether the appellate court would have reached the same conclusion on the same evidence, but whether the evidence is sufficient to support the chancellor's conclusion. See *Schwartz v. Urban Redev. A. of Pgh.*, 416 Pa. 503, 206 A. 2d 789 (1965) and cases cited therein.

In the instant case, as we find no indication in the record that facts found by the chancellor were not supported by sufficient evidence, and the exercise of discretion of the chancellor in the reformation of the deed being reasonable and permitting a practical and obviously intended use of the right of way, we must affirm the decision of the learned chancellor.

Decree affirmed. Appellant to pay costs.

Mr. Chief Justice BELL and Mr. Justice MUSMANNO dissent.