## Zink v. Linton

*Francis X. Hope*, for plaintiffs.
*William H. Lamb*, for defendants.

MARRONE, *P.J.*, June 25, 1979—

### FINDINGS OF FACT

1. Plaintiffs are Albert Barnes Zink and Helen L. Zink, husband and wife, who reside at Yellow Springs Road, Malvern, Chester County, Pa.

2. Defendants are I. Otto Linton and Hilde Linton, husband and wife, who reside at 257 Forrest Hill Circle, Devon, Chester County, Pa.

3. On April 1, 1973, plaintiffs conveyed a portion of their ground on Yellow Springs Road in Tredyffrin Township, Chester County, known as lot number 18, to Environmental Enterprises, Inc. (hereinafter Environmental). This transaction is recorded by deed in the Office of the Recorder of Deeds of Chester County.

4. On May 1, 1975, Environmental granted and conveyed the premises referred to, to Raymond L. Fryberger, Jr. and Betty Jane Fryberger, his wife (hereinafter Fryberger) which transaction is recorded by deed in the Office of the Recorder of Deeds of Chester County.

5. Defendants received ownership of the aforementioned property by virtue of a deed from Fryberger dated August 17, 1976, which is recorded in the Office of the Recorder of Deeds of Chester County. Defendants are the present owners of the premises.

6. Defendants took title to the premises referred to subject to the following reservation and servitude of which they had knowledge:

"(d) For a period of 3 years from the date hereof, or until it is demolished, whichever time is later, Grantors reserve for themselves, their heirs and assigns, the right free of rent or other charges, to use the barn and stable situate on the demised premises for the storage and maintenance of equipment or for the storage of grain, hay, straw or other crops or for the stabling of horses, ponies, or other farm animals and other related uses and purposes, provided, however, that if and to the extent that the Grantee is also using the barn and stable as aforesaid, then in such case the Grantors' use shall be restricted to one-third of the area and facilities of the barn and stable. Grantee, its successors and assigns, shall maintain the said barn and stable in a good state of repair so that it will be suitable for use for its intended purposes, and shall keep the exterior painted white so that the appearance of said barn and stable shall at all times be fresh, clean and orderly."

7. In July, 1977, defendants removed all of plaintiffs' equipment and other articles of personal property from the stable and barn referred to in the reservation and servitude and have, since that time, denied plaintiffs access to the barn and stable.

8. The reservation and servitude referred to first appeared in the deed from plaintiffs to Environmental which was dated April 1, 1973 and said reservation was renewed by deed in each transfer of property occurring thereafter, the most recent of which was the deed from Fryberger to defendants dated August 17, 1976.

## DISCUSSION

Otto and Hilde Linton purchased the property in question on Yellow Springs Road in Malvern in August of 1976. In July of 1977, they began denying access to a barn and stable on their premises to which plaintiffs allege they have the right of access by reason of a reservation in a deed granting them that right "for a period of three years from the date hereof, or until it is demolished, whichever time is later."

Plaintiffs have filed a suit in equity to enforce any rights they may have pursuant to that reservation. Defendants dispute the allegations of plaintiffs and argue that it was the clear intention of the parties that the word "later" be "sooner" and that the court should reform the language of the reservation since the court must presume the parties did not intend an unreasonable result from their writings.

It is a general principle of law that when the language of a deed is clear and unambiguous, the intent of the parties must be gleaned solely from the instrument: Conveyance of Land Belonging to DuBois, 461 Pa. 161, 335 A. 2d 352 (1975). However, it is also a general proposition of equity that the court must assume the parties intended a reasonable result: Bakoch v. Noon, 420 Pa. 80, 215 A. 2d 899 (1966).

An application of both these principles, legal or

equitable, to the facts in this case impels this court to order a reformation of the writing in question.

While plaintiffs argue that the language employed in the reservation is clear and unambiguous, this court does not so find. Obviously there is no prohibition on grantees against demolishing the structures the use of which was retained by the reservation. This is somewhat inconsistent with other language in the reservation which imposes a duty on defendants to "maintain the said barn and stable in a good state of repair so that it will be suitable for use for its intended purposes, and shall keep the exterior painted white so that the appearance of said barn and stable shall at all times be fresh, clean and orderly."

Admitted without objection was testimony concerning the intent of the parties who orginally entered into the agreement. While this testimony was not entirely clear or helpful to the court, we do not find from the testimony that the parties intended that plaintiffs would have the rights set forth forever. Obviously, the parties intended that the reservation would terminate at some time.

Were we to conclude that the language is clear and that plaintiffs' rights could be terminated only by a demolition of the buildings in question we are of the opinion that the result would be unreasonable, thus flying in the face of the equitable principle that the parties intended a reasonable result, particularly in view of the fact that heavy expenditures have been made in improving the structures.

It is the opinion of this court that changing the phrase "whichever time is later" to "whichever time is sooner" best comports with the intent of the parties and best avoids the unreasonable result of

requiring a demolition of valuable property to terminate the interest of plaintiffs.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and subject matter of this controversy.

2. In order to effect the intentions of the parties and give a reasonable interpretation to the document before the court, reformation of that document is required.

3. Three years having passed since the date of the initial granting of interest and fee to predecessors in title of defendants herein, plaintiffs are precluded from asserting any interest in the deed reservation which is the subject of this suit.

## DECREE NISI

And now, June 25, 1979, it is hereby ordered that the preliminary injunction issued on August 12, 1977, be dissolved and judgment is entered in favor of defendants herein. It is further ordered that the deed from Raymond L. Fryberger, Jr. and Betty Jane Fryberger, his wife, to defendants dated August 17, 1976 and recorded in the Office of the Recorder of Deeds of Chester County in Deed Book H-49, page 298, be and the same hereby is reformed to the extent that the reservation designated as subparagraph (d) of that Deed hereafter include the word "sooner" for the word "later" in the clause which presently reads "whichever time is later."

The prothonotary of Chester County shall enter this decree nisi and forthwith give written notice thereof, and of the adjudication to the parties to this action or their counsel of record, and if no exceptions are filed thereto within 10 days after such

notice, this decree shall be entered as the final decree herein, as of course.